## Stephen F. Page v. William W. Mitchell.

*Province of the Court — of the jury — as to damages.* — In an action for false imprisonment the jury are required to find such general damages as they deem appropriate under the circumstances for the arrest and detention, as well as any special damages which are lawfully proved to their satisfaction, and it is error for the Court to confine them to damages for mere loss of time;

*Therefore,* where it appeared that the plaintiff was arrested and placed in the custody of the sheriff at the jail, but was not locked in the cell which was given him as a sleeping room, and was allowed to visit freely the sheriff's apartments, being only restrained from leaving the jail yard, and the Court instructed the jury that if they believed this, plaintiff could only recover nominal damages, explaining this expression to mean damages "sufficient to pay the plaintiff for his time while he was being arrested and taken to jail," it was held that such charge was erroneous.

*Heard October 8. Decided October 27.*

Error to Ionia Circuit.

This was an action for false imprisonment. Plea, the general issue with notice of matter in justification.

The case was tried by a jury, who returned a verdict for the plaintiff and assessed him damages at one dollar. The facts were substantially as follows:

On the 26th day of April, 1862, A. F. Bell made complaint before the defendant, who was a Justice of the Peace, against one Giles B. Conkey, for selling liquor in violation of law, and asked for a subpœna for witnesses to support the complaint. The defendant accordingly issued a subpœna for the plaintiff, which was subsequently duly served upon him, and in obedience to which he appeared before the defendant and was sworn; but upon being asked by the prosecuting attorney whether he knew anything about Conkey's selling lipuor, he refused to answer, and persisting in such refusal, he was committed by the defendant to the county jail for contempt. Immediately after the plaintiff was delivered at the jail, he was permitted to go away, but he voluntarily returned in a short time, and remained there in custody for eighteen days. The sheriff, during the whole period of his confinement, permitted the plaintiff in the day-time, to occupy his family sitting room, or parlor, which was in a portion of the building used as a jail. At night, he slept in one of the cells which had been fitted up and occupied by some members of the ·jailor's family as a sleeping apartment. He was not locked into a cell, but at all times, day or night, had free access to the sitting room and other portions of the house and yard, but was forbidden to go outside of the yard. He took his meals regularly at the jailor's family table.

It was also shown that the plaintiff, before he was subpœnaed as a witness in support of the complaint, voluntarily appeared before the defendant and insisted upon being sworn in the matter; and that he again appeared,

and demanded to know why he had not been subpœnaed, and insisted that the matter should be attended to at once; and that he sought, in various ways, to cause himself to be subpœnaed to testify in the matter.

There was also testimony tending to prove special damages to the plaintiff for his time, fees of officers and attorneys, and money actually expended in and about getting his liberty, of about two hundred dollars.

The Court charged the jury that the plaintiff was entitled to a verdict, for the reason that the defendant had no right to issue the warrant of commitment, and that if they found that, by virtue of the warrant issued by the defendant, the plaintiff was taken to the common jail of the county, and there confined in the jail portion of the building, according to the exigencies, of said writ, then they would find the defendant guilty, and the plaintiff entitled to the special damages which he had proved, in addition to such general damages as in their judgment, they should see fit to give under the evidence. On the other hand, if they should find that the plaintiff, by his own acts, procured the imprisonment complained of by procuring himself to be subpœnaed for the purpose of showing his contempt for the law, or for any other unlawful purpose, then it would be proper for them to take these facts into consideration in estimating the general damages; or if, from the evidence, they found that the plaintiff was not confined in that portion of the building used for a jail, during any part of the time he was there, but was allowed to occupy the jailor's sitting room, parlor, dining room, and any part of his house and yard at his pleasure, then they would find that the jailor did not execute the process as he was commanded, and that the defendant was only liable for the arrest and conveyance of the plaintiff to the jail. And under such circumstances, if they found that the defendant acted in good faith,

the damages should be only nominal, that is to say, sufficient to pay the plaintiff for his time while he was being arrested and taken to jail.

To this charge the plaintiff excepted.

*Theodore Romeyn* for plaintiff:

The complaint of Mr. Bell, on which the defendant, as Justice of the Peace, issued the warrant against Giles B. Conkey, was confessedly insufficient to give jurisdiction.—*In the matter of Morton*, 10 *Mich.*, 208.

The plaintiff was in fact confined to the jail. It was a close confinement within the meaning of the statute.— *Compiled Laws*, §3918.

The jail extends to all within the walls, and the inclosures appurtenant to it as a jail. The jail is one thing, the cells within it another, and the limits, or liberties, still another.—*Comp. Laws*, §315, §316, §342; *also*, §6129, §6131.

This certainly is not the kind of confinement required in a case of contempt.—*See* §416, §5548, §5550, §5569.

In view of these provisions, we contend that the whole of the *county buildings*, with its enclosed yard, is, *under the statute*, the jail, and that confinement in it is close confinement in jail.

And this is so at common law.—*Benton v. Sutton*, 1 *Bos. and Pul.*, 24; *Wool v. Turner*, 10 *John.*, 420; *Bartlett v. Willis, et al*, 3 *Mass.*, 86; *Partridge v. Emerson, et al*, 9 *Mass.*, 122; *Steere v. Field*, 2 *Mason*, 486; *Burns v. Brian*, 1 *Speer's S. C.*, 131; *J. J. Abbott's Digest*, p. 572.

But if the plaintiff was not subjected to the full measure and degree of imprisonment specified in the order of commitment, he was yet arrested and confined under and by virtue of it, to the extent specified in the case, and the defendant is liable for such trespass.

It was a trespass *ab initio*, and all concerned are

PAGE *v.* MITCHELL.

liable as joint trespassers.—*Bigelow v. Stearns*, 19 *John.*, 39; *Guille v. Swan*, 19 *John.*, 381.

The defendant, having erred in issuing the process, became liable to pay the plaintiff, at least, the latter's expenditure in getting rid of the duress.—*Allison v. Chandler*, 11 *Mich.*, 550.

*T. M. Cooley* for defendant:

1st. If the action of the defendant provoked the wrong complained of, he is not entitled to the same measure of damages as the peaceful citizen, who is attacked without provocation and suffers an injury for which he is in no degree blameable.—*Cushman v. Ryan*, 1 *Story*, 99; *Avery v. Ray*, 1 *Mass.*, 12; *Lee v. Woolsey*, 19 *Johns.*, 319; *Keyes v. Devlin*, 3 *E. D. Smith*, 518.

All that was done by the Circuit Judge was to apply the principle of these cases to the one then before him.

2. The defendant is only liable for such imprisonment as was *in pursuance of the command of the warrant*. He is liable for that which he directed. If there has been any imprisonment which he did not direct, the *sheriff*, not the *defendant*, is liable therefor.—*People v. Stone*, 10 *Paige*, 606.

The plaintiff was taken to the jail by virtue of the commitment. He was immediately allowed to leave for liquor. This was an escape.

From that time he was not for a moment in custody under the warrant. He remained with the sheriff; but, not remaining by force of any legal authority, nor in compliance with the command of what was illegal, he must be held to have remained voluntarily, and he is not entitled to recover damages therefor.—*Fuller v. Bowker*, 11 *Mich.*, 204.

CAMPBELL, J.:

Plaintiff sued defendant for causing him to be arrested

and imprisoned for refusing to testify before him under a void complaint, which, as we held in *ex parte Morton* 10 *Mich. R.*, 208, gave defendant no jurisdiction to make the inquiry. Plaintiff having been arrested and placed in the custody of the sheriff at the jail, was not locked in the cell which was given him as a sleeping room, and was allowed to visit freely the sheriff's apartments, being only restrained from leaving the jail yard. The Court instructed the jury that if they believed this, plaintiff could only recover nominal damages, explaining this expression to mean damages "*sufficient to pay the plaintiff for his time while he was being arrested and taken to the jail.*" Proof was introduced of special damage, including the expense of obtaining a discharge on *habeas corpus*, which became immaterial under this charge.

The Court erred in confining the jury to damages for mere loss of time, in consequence of an arrest. In all cases of this nature the jury are entitled and required to find such general damages as they deem appropriate under the circumstances, for the arrest and detention, as well as any special damages which are lawfully proved to their satisfaction. The Court can never confine a jury to either nominal or special damages if there has been a real personal injury; and every deprivation of liberty is so regarded. It is for the jury themselves to determine whether the circumstances should reduce the recovery to a minimum. There was also error in taking the imprisonment by the sheriff away from the consideration of the jury. This was done on the ground that there was an escape in law, and therefore no subsequent imprisonment under the precept. As under our statutes the creditor cannot pursue the sheriff or an imprisoned debtor for an escape so long as the latter remains within the county, the doctrines of civil imprisonment have become with us quite unimportant. —

2 *C. L.*, §5552, §5555. But where a defendant is held for a public offence, or grievance, not civil in its nature, even a voluntary escape permitted by a sheriff does not prevent the officer from retaking him, and it is his duty to make the recapture, for which purpose the writ remains in full force. — *Clark v. Cleveland*, 6 *Hill R.*, 344. In this case, while great liberty was undoubtedly allowed to the prisoner, which may and should be considered-by the jury, yet there was evidence showing an actual detention within certain bounds of the prison. The prisoner did not remain at large and out of custody. An indictment for an escape must always charge that the prisoner *went at large from* his custody. — 1 *Russ. Cr.*, 423; 2 *Hawk. P. C. ch.*, 19, §14; *Archb. Cr. Pl.*, 550, 553. So long as a criminal escape has not occurred, the party is certainly in custody under the process; and if the officer is liable for over-indulgence, he is not liable for anything more; and a person arrested and taken to jail must accept such confinement as the sheriff, without exceeding such severity as is lawful, may impose. The indulgence of his jailor may mitigate, but it does not destroy his imprisonment.

The facts introduced on the trial below had a tendency to show that the plaintiff was active in designing and bringing about his own imprisonment. There was also fair ground for arguing to the jury that the imprisonment itself was very much, if not entirely, under his own control. That it was little more than a farce of his own enacting, was forcibly urged before us. But it was for the jury after all to say how much the plaintiff had been damaged in person, or sensibility, or pocket, as well as whether or not he was his own jailor in a voluntary martyrdom. If this was so in fact, there can be no substantial grievance to complain of. Whatever we may think of the demerits of the cause, it must be left to the jury to give to the evidence such force

·as it deserves, and to measure the damages accordingly.

Judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.