# REUBEN TAYLOR *v.* JOHN C. COOLIDGE.

*False imprisonment under tax warrant. Damages. Interest.*
*Direction of verdict. Exceptions must be taken below.*

1. Evidence of an arrest and restraint upon an illegal warrant will support an action for false imprisonment, although there is in fact no commitment to or confinement in jail.

2. It appeared that the defendant arrested the plaintiff upon a tax warrant and transported him to Woodstock for the purpose of committing him to jail, whereupon the plaintiff paid the tax and was set at liberty. Upon the trial the court said that unless there was some question which the parties desired to present to the jury, he would hold the warrant illegal and direct a verdict for the plaintiff. *Held,* that the defendant, having made no claim in that respect then, could not in Supreme Court insist that the question whether the plaintiff consented to the arrest should have been submitted to the jury.

3. In an action for false imprisonment the plaintiff may recover as damages the amount of a tax paid by him to obtain his release from restraint under an illegal tax warrant, although the tax itself was a valid one against the plaintiff.

4. The court might properly direct a verdict for the amount so paid.

5. But interest was not recoverable *eo nomine* as matter of law, and the court having directed a verdict for the amount paid, with interest, the judgment of the County Court will be reversed, and judgment given for the amount paid, without interest.

6. The statute requiring actions for the recovery of taxes paid under protest to be brought within one year, No. 8, Acts 1884, has no application to a suit for a false imprisonment, whereby the payment of the tax was compelled.

Trespass for false imprisonment. Plea, the general issue with notice of justification under a tax warrant. Trial by jury at the May term, 1891, Ross, Ch. J., presiding. The Court directed a verdict for the plaintiff. Exceptions by the defendant.

The evidence of the plaintiff tended to show that on or about the 19th day of May, 1885, he was arrested by the defendant, at Plymouth, and transported to Woodstock for the purpose of being committed to the public jail, and that he was compelled to pay, and did pay, in Woodstock, the sum of $49.73 to procure his release from such restraint.

The defendant justified as the collector of taxes for the town of Plymouth for the year 1885. The tax in question was a highway tax assessed upon the grand list of 1882. The grand list and the original assessment of the tax, were in all respects legal, and the tax was a valid tax as against the plaintiff. In 1882 the selectmen of the town of Plymouth issued a rate-bill containing this tax against the plaintiff and the plaintiff paid a portion of it, leaving still due the sum of $40.92. In 1885 the selectmen of the town of Plymouth for that year, attached a new warrant to this same rate bill and placed it in the hands of the defendant for collection. Under this warrant the defendant demanded the amount of the unpaid tax from the plaintiff, and upon his refusing to pay the same, took him into custody and carried him to Woodstock, whereupon the plaintiff paid the defendant the amount of said tax and the costs of collection, amounting in all to $49.73. There was some evidence in the case tending to show that the plaintiff consented that the defendant might arrest and commit him to jail, as is fully stated in the opinion of the court.

The court directed a verdict for the plaintiff for the sum of $67.63, and costs, that being the amount paid by the plaintiff to procure his discharge together with interest from the date of such payment to the time of trial. To this action of the court the defendant excepted.

*W. W. Stickney*, and *W. E. Johnson*, for the defendant.

The plaintiff paid the defendant the amount of this tax under protest, and the suit for its recovery should have been brought within one year. No. 8, Acts of 1884.

The court erred in directing the verdict.

*a.* There was evidence in the case tending to show that the plaintiff consented to the restraint. *Ellis* v. *Cleveland*, 54 Vt. 437.

*b.* In actions of tort the court can only direct a verdict for the plaintiff in nominal damages. Thomp. Tr. p. 1472 *et seq.; Benjamin* v. *Hillard*, 23 How. 149 ; *Worster* v. *Canal Bridge*, 16 Pick. 541 ; *Kimball* v. *Bath*, 38 Me. 219.

*c.* What the plaintiff paid was a tax actually due from him to the town. Hence the damages should have been mitigated to the extent of that tax. *Hurlburt* v. *Green*, 41 Vt. 490 ; *Pierce* v. *Benjamin*, 14 Pick 356.

*d.* The plaintiff was not entitled to interest as matter of law. 2 Thomp. Tr. s. 2066 ; *Richmond* v. *Bronson*, 5 Denio. 55 ; *Watkinson* v. *Laughton*, 8 Johns. 213 ; *Clement* v. *Spear*, 56 Vt. 401.

*Gilbert A. Davis*, for the plaintiff.

The court properly directed a verdict. The warrant under which the defendant acted was illegal, and, therefore, his justification failed. No. 12, Acts of 1884, s. 9.

No. 8, Acts of 1884, only applies to actions in assumpsit for the recovery of taxes paid under protest. *B. F. Canal Co.* v. *Rockingham*, 37 Vt. 622; *Spear* v. *Town of Braintree*, 24 Vt. 414 ; *Vt. Cent. Rd. Co.* v. *Burlington*, 28 Vt. 193 ; *Slack* v. *Norwich*, 32 Vt. 818.

The fact that the tax was actually due from the plaintiff has no bearing upon the damages in this suit. The arrest and confinement were illegal. *Hull* v. *Ray*, 40 Vt. 576; *Irish* v. *Cloyes & Morse*, 8 Vt: 39 ; *Stewart* v. *Martin*, 16 Vt. 397.

There was no error in including interest in the verdict. *Lindsley* v. *Danville*, 46 Vt. 144 ; *Thrall* v. *Lathrop*, 30 Vt. 307 ; *Grant* v. *King et al*, 14 Vt. 367.

The opinion of the court was delivered by

TYLER, J.   It is not claimed in the brief of the defendant's counsel that the warrant attached to this tax-bill was legal.   Under the law existing when the tax of 1882 was assessed, the selectmen, on or before June 1, 1883, should have delivered a list of the unpaid taxes to the collector of town taxes, who should have collected and paid the same to the treasurer on or before the first of the following August.   R. L. 3053.   Even this provision of the statute had been repealed when the selectmen placed the warrant in the hands of the defendant, in May, 1885. Acts of 1884, No. 12.

If the defendant arrested the intestate upon this warrant he thereby rendered himself liable for a false imprisonment, which is defined to be a trespass committed by one man against the person of another by unlawfully arresting and detaining him without any legal authority.   2 Add. on Torts, s. 798.   It was not necesssary that there should be an actual confinement in jail. Every confinement of the person is an imprisonment, whether it be in a common prison, or in a private house, or in the stocks, or even by forcibly detaining one in the public streets.   3 Black. Com. 127.

But the defendant's counsel argue that there was evidence in the case which tended to show that the restraint of the intestate's liberty was not against his will but with his consent. The exceptions state that the defendant testified that the intestate told him that he had no personal estate out of which he could satisfy the tax, and that the intestate or his son suggested to the defendant that he had better take the intestate to jail, and that the intestate fixed his own time to be taken there.   By agreement of counsel a transcript of the testimony taken in the case was passed up, from which it appears that the plaintiff's evidence tended to show that the defendant gave the intestate the alternative to pay his tax or go to jail.   The defendant's return upon the warrant states that the intestate, on the 16th day of May, re-

quested to be carried to jail, that a delay was granted at his request until the 19th, when the defendant arrested him and transported him to Woodstock where he paid the tax and costs. Whether the evidence upon this point was conflicting or not is not material, for the transcript before us shows that the defendant's counsel did not ask to go to the jury upon the question of consent; that the Court said to counsel that unless there was some question which they desired to present to the jury he would hold the warrant unlawful, leaving only the question of damages to be determined, and the case shows no exception to this ruling.

The only question before this Court is in respect to the damages that the plaintiff might recover. The warrant was illegal, and all the acts which the defendant did by virtue of it—the arrest, detention, transporting to jail and taking the intestate's money—were unlawful, and the plaintiff was entitled to a verdict. An invasion of a legal right always imports some damages, though no pecuniary loss results therefrom. Rob. Dig. 231, pl. 2, 3. The direction of the Court for nominal damages certainly was favorable to the defendant.

The tax and costs were paid by the intestate under duress, as an incident of the arrest and detention. The taking the money was a part and parcel of the trespass, and the plaintiff was entitled to recover back the sum paid to procure his release. In actions of this kind the plaintiff is entitled to recover such general damages as are the common and ordinary result of the wrongful act. *Page* v. *Mitchell,* 13 Mich. 63, (86 Am. Dec. 75); Rob. Dig. 222, pl. 6. Loss of money is as much a consequence of the trespass as loss of time, injury to health or deprivation of liberty. As the plaintiff was entitled as matter of law to recover the $49.73, and as no computation was required, there was no question of fact to be submitted to the jury.

No. 8, Laws of 1884, has no application to this case. That act provides that, suits to recover money paid under protest for taxes, shall be commenced within one year after the cause of

action accrues. This action is for a wrongful arrest and detention, and the money paid is claimed as an element of damages.

The Court directed the jury to add interest to the amount paid by the intestate to the defendant; in this there was error. The plaintiff was not entitled to interest as a matter of law. Whether interest should be allowed in actions of tort is a question of fact for the jury, and when allowed it is as a part of the damages—not strictly as interest.

*Therefore the judgment must be reversed and judgment for the plaintiff to recover the sum of $49.73.*