WEGNER, Appellant, vs. RISCH, Respondent.

*April 3—April 22, 1902.*

*False imprisonment: Nominal damages.*

Upon testimony tending to show that although technically the defendant, a policeman, had unlawfully deprived plaintiff of her liberty, yet that he had arrested her because he believed her insane and in need of care for her own safety; that she suffered no indignity other than transportation in the patrol wagon to the station house; and that before the arrest she was momentarily exposing herself on the streets to a far higher degree of notoriety and disgrace,—it is *held* that there was no abuse of discretion in refusing to set aside as inadequate a verdict for nominal damages.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Affirmed.*

Action for false imprisonment. The evidence tended to show that early of a Sunday morning, before 4 o'clock, the plaintiff was rambling about the neighborhood of the beat of the defendant, who was a policeman in the western part of Milwaukee, in a manner to excite attention and suspicion. Upon inquiry, she somewhat incoherently stated a desire to find a man from whom she wanted to get some money, and at last, under the guidance of the defendant, found the house,

.and entered into colloquy with the man on the subject of money. He told the policeman that she was crazy. The policeman left them in violent controversy. Shortly afterward his attention was called to her in another part of his beat by persons who had observed her wandering aimlessly about, and who suggested that she needed to be taken care of. The defendant talked with her again. She told him she lived on Jackson street, far on the other side of the city, but could not tell where on Jackson street. He urged her to go home, and then told her that if she would not go home he would have to send her to the station, to which she responded, "All right." He accordingly conducted her to the nearest patrol box, called a wagon, and turned her over to it with the explanation that she had been acting strangely and he had arrested her for safekeeping. She was then taken to the station house, where she was not confined, but remained something like an hour, gave her residence, and was allowed to go home. According to the evidence of the defendant's witnesses, there was much to justify the belief that the woman was demented and unfit to care for herself or be at large. The plaintiff's testimony gave a very different color to the whole transaction. The jury found a verdict for the plaintiff, and assessed her damages at six cents, which verdict her attorneys moved to set aside on the ground of inadequacy of damages. That motion being overruled, judgment was entered on the verdict, from which the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Ernest Bruncken,* attorney, and *A. C. Umbreit* of counsel, and for the respondent on that of *Fiebing & Killilea.*

Dodge, J. After careful examination of the record, we feel constrained to the conclusion that the trial court was guilty of no abuse of his discretion in refusing to set aside the verdict on the plaintiff's motion. Conceding, as perhaps the evidence establishes without controversy, that there was

technically an unlawful arrest, in that the plaintiff was committing neither any crime nor a breach of the peace, yet the defendant's testimony that he arrested her because he believed her insane and in need of care for her own safety is of course sufficient to support such view of his conduct by the jury. In the absence of any violence and of any indignities other than the mere peaceful and orderly transportation of the defendant to a place of safety, when she was momentarily exposing herself to a far higher degree of notoriety and disgrace, although technically an unlawful deprivation of her liberty, we cannot say that the jury acted wholly outside of their proper province in finding only nominal damages. The rules of law which place that question more than all others in the hands of a jury are too trite to need more than suggested reference. *Henderson v. McReynolds,* 38 N. Y. St. 734, 14 N. Y. Supp. 351, and *Bradlaugh v. Edwards,* 11 C. B. (N. S.) 377, present extreme illustrations of cases in which courts have declined to set aside verdicts for nominal damages. In this case the spoken evidence was, of course, much supplemented to the jury and the trial court by the personal appearance both of the plaintiff and defendant; and that court having, in its discretion and with these advantages, approved the jury's action, we cannot, in the light of any information contained in the record, overrule his conclusion, whether as an original question we might or might not have reached the same conclusion.

*By the Court.*—Judgment affirmed.