[Civ. No. 1226.    Third Appellate District.—August 7, 1914.]

E. SALO, Appellant, v. JOHN K. SMITH et al., Respondents.

FALSE IMPRISONMENT—ARREST OF PERSON SUSPECTED OF CRIME—DELAY IN PLACING MATTER BEFORE MAGISTRATE.—If a sheriff, believing a person has committed an assault with intent to murder, arrests him without warrant, but instead of promptly taking him before a magistrate as required by section 849 of the Penal Code, detains him awaiting the outcome of the injuries suffered by the victim of the assault, in order to know what charge to place against him, the detention is unlawful and the officer is liable therefor.

ID.—WANT OF PROBABLE CAUSE—INFERENCE FROM UNDISPUTED ALLEGATION—ADMISSION IN ANSWER.—In an action against the sheriff to recover damages for such arrest and detention an admission in the complaint that the defendant, in arresting and detaining the plaintiff, acted upon probable cause, removes any element of malice which might be inferred from a general undisputed allegation of an arrest effected without a warrant.

ID.—ABSENCE OF MALICE—CIRCUMSTANCES SHOWING—MITIGATION OF DAMAGES.—An allegation in the answer that the delay of the sheriff in preferring a formal complaint before a magistrate was due to uncertainty as to the nature of the charge which the circumstances might require should be made, whether that of murder or of assault to commit that crime, such uncertainty arising by reason of a doubt existing at the time of the arrest and for a long period thereafter as to whether the victim of the assault would recover from or succumb to the serious wounds inflicted upon him, shows the absence

of malice, and constitutes an element which the court is authorized to consider in mitgation of damages.

Id.—Nominal Damages—When Properly Awarded for False Imprisonment.—If the complaint merely alleges the wrongful detention, and damages in the sum of twenty-five thousand dollars, while admitting the absence of malice, and the court is not specifically apprised of the extent of the injury suffered from the detention, an award of nominal damages only is justified.

Id.—Judgment on Pleadings—Nature and Effect—Province of Court.—A motion for judgment upon the pleadings is, in substance, both a motion and a demurrer. While it is in effect a demurrer, because it challenges the sufficiency of the complaint to state a legal wrong, or that of the answer to state a legal defense, as the case may be, it, at the same time, operates as a motion for the reason that it is an application for an order for judgment, in which latter case the court becomes the exclusive judge of both the law and the facts.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

W. D. L. Held, and T. J. Weldon, for Appellant.

Clarence F. Lea, and T. J. Butts, for Respondents.

HART, J.—This is an action for damages for the wrongful detention of the person of the plaintiff, and grows out of the arrest of the plaintiff by the defendant, Smith, as sheriff, and the failure of that official to comply with the mandates of section 849 of the Penal Code, which provides: "When an arrest is made without a warrant by a peace officer or private person, the person arrested must, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the arrest is made, and an information, stating the charge against the person, must be laid before such magistrate."

It appears that the defendant, Smith, was the sheriff of Sonoma County, and the defendant, surety company, surety on his official bond, at the times mentioned in the complaint.

The complaint alleges "that on the 2nd day of January, 1911, and within four months prior thereto, a felony had in fact been committed in the county of Sonoma, state of Cali-

fornia, to wit: The crime of assault with a deadly weapon with intent to commit murder; . . . that the defendant, John K. Smith, sheriff as aforesaid, had reasonable cause to believe the plaintiff to have committed the same." It is further alleged that, on the tenth day of October, 1910, said sheriff, by virtue of his duties as such officer, and without a warrant of arrest, took the plaintiff into his custody, in the city of Point Arena, in Mendocino County, and thereupon removed him from said county to the county of Sonoma, where he incarcerated him in the county jail of the latter county; that said sheriff did detain said plaintiff in said county jail and thus restrain him of his liberty until June 1, 1911, when, the plaintiff having been acquitted by a jury of the above-mentioned charge, said sheriff discharged him and restored him to liberty.

The gravamen of the plaintiff's complaint is then set forth as follows:

"6. That on said 10th day of October, 1910, there was in said city of Point Arena, and during all of the time intervening between said 10th day of October, 1910, and the 30th day of January, 1911, there was in said Santa Rosa, a magistrate, competent, willing, able and ready to have taken before him this plaintiff, and to have laid before him an information stating the charge against this plaintiff, and during all of said time, such magistrate was accessible and convenient, and this plaintiff was during all of said time, physically and mentally in a condition to be brought before such magistrate.

"7. That said defendant, John K. Smith, did not as such sheriff, or at all, take this plaintiff before any magistrate in the county in which he so arrested this plaintiff, or elsewhere, or at all, until January 30th, 1911, nor did said defendant as such sheriff, or at all, lay any information, stating the charge against this plaintiff, or any information against him at all, before said or any magistrate until January 30th, 1911; nor was this plaintiff at all taken before any magistrate until said January 30th, 1911; nor was any information at all laid against him until said January 30th, 1911; and in this behalf, plaintiff alleges that the delay in so taking him before a magistrate and in so laying an information against him, was unnecessary."

It is alleged that that portion of the restraint imposed by said defendant sheriff between October 10, 1910, and January 30, 1911, "and so much of said detention as occurred between said dates, was in excess of, and an abuse of the power vested in said defendant sheriff, as such," etc.; "that by so much of said detention as occurred between January 2, 1911, and January 30, 1911, this plaintiff has been damaged in the sum of twenty-five thousand dollars."

The joint answer of the defendants admits the arrest of the plaintiff under the circumstances as described in the complaint; admits that the defendant sheriff did not lay any information or prefer any charge against said plaintiff before any magistrate until January 30, 1911, and admits that, during all of the time the said defendant had the plaintiff in his custody, a magistrate was accessible and convenient; alleges that the defendant, sheriff, did not and could not know what charge to place against the plaintiff "for the reason that the person assaulted was dangerously injured and it was thought that he would not live, but would succumb to the injuries so inflicted upon him by the assault made upon him, and in that case the charge would have been murder, and that the delay in filing the complaint against said plaintiff was caused by the inability of the defendant, John K. Smith, to determine what charge should be placed against him"; denies "that by so much of said detention of plaintiff as occurred between the 2nd day of January, 1911, and January 30, 1911, said plaintiff has been damaged in the sum of $25,000.00 or any other sum or at all."

When the cause was called for trial, the plaintiff, claiming that no legal defense to the cause of action alleged in the complaint was set up by the answer, applied to the court for judgment upon the pleadings. The defendants, admitting that a tort had been committed by the defendant sheriff against the plaintiff, consented to the motion, and the court thereupon rendered judgment upon the pleadings in favor of the plaintiff and awarded him nominal damages—the sum of one dollar.

This appeal is by the plaintiff from said judgment.

The complaint against the judgment is that the court abused its discretion in the matter of assessing damages, the contention being that, on the facts as disclosed by the pleadings,

the plaintiff was entitled to an award of substantial or compensatory, as distinguished from mere nominal, damages.

That the plaintiff was entitled, on the facts stated and admitted by the pleadings, to a judgment, is not and cannot be questioned. The only question is whether, under the facts, the trial court abused its discretion by awarding merely nominal damages.

No evidence showing the extent of the injury suffered by the plaintiff by reason of the tort or trespass complained of was presented to the court and the complaint merely alleges general damages. It does not set up special damages, or, as is said in the written opinion of the learned trial judge, filed on rendering the decision herein and which is incorporated in the record, "the complaint does not in a general way, or at all, state the business of plaintiff or that he suffered or sustained loss by reason of humiliation or disgrace, occasioned by said detention, or suffered from loss of time or inability in any way to follow the ordinary avocations of life. In other words, his station in life, earning ability or opportunities to earn money in any way whatsoever, are not alleged or suggested by the pleadings."

The complaint admits that the defendant, sheriff, in arresting and detaining the plaintiff, acted upon probable cause—that is, that he had reasonable ground for believing that the plaintiff had committed a felony—and this admission removes from said act of the sheriff any element of malice which might be inferred from a general undisputed allegation of an arrest effected without a warrant of arrest.

Thus it will be observed that the trial court was without the aid of facts more specific than those contained in the complaint upon which to form a judgment in the matter of the admeasurement of damages. In other words, the court was required to base its assessment of damages upon a general statement or charge that a trespass had been committed upon the person of the plaintiff and without being apprised of the extent of the injury suffered by the plaintiff. As the trial court said in its opinion: "The court had, and has, no means of knowing the moral character, standing or earning capacity of the plaintiff. The court did not even have an opportunity to observe him and knows nothing of his past or present history or of his prospects for the future. All that it can know of him, touching his character, even in a limited

degree, is the fact that there was reasonable cause to believe that he had committed an assault with intent to commit murder.'' With much force the trial court then inquires: ''On such a statement as here presented should the court award to plaintiff nominal damages, or damages in the sum of $100.00, or $500.00 or $5,000.00? Which of the three amounts would best comport with justice, without any evidence or suggestion touching the extent of his injury?'' That the sheriff had the right to arrest and detain the plaintiff is not disputed, and the fact that that official did not immediately, upon making the arrest, formally charge the plaintiff with a felony, constituted nothing more than a technical trespass. The complaint does not say that the plaintiff would have been the better able to have released himself, at least temporarily, from his detention had the sheriff promptly complied with section 849 of the Penal Code; nor is it to be inferred from the mere general statement of the sheriff's failure to comply with said section that the plaintiff's condition, so far as his personal liberty was concerned, would have been any different from what it was. He was not precluded from applying for bail by reason of the fact that he had not been formally charged with the felony for which he was arrested and being detained. Indeed, it does not appear that he applied for or was refused bail. Moreover, it is an admitted fact—necessarily admitted by the motion for the judgment—that the sheriff's delay in preferring a formal complaint before a magistrate against the plaintiff was due to uncertainty as to the nature of the charge which the circumstances might require should be made—whether that of murder or of assault to commit that crime—such uncertainty arising by reason of a doubt existing at the time of the plaintiff's arrest and for a long period of time thereafter as to whether the assaulted party would recover from or succumb to the serious wounds inflicted upon him. While this fact constituted no defense to the action, it nevertheless showed an absence of malice and, therefore, constituted an element which the court was authorized to consider as in mitigation of damages.

It is true, as counsel for the plaintiff assert, that ''physical inconvenience, mental suffering and humiliation of mind are all elements of general compensatory damages,'' and it is also true that evidence of such damages is admissible under the general statement of damage, or perhaps it is more ac-

curate to say, under a general statement of the tort or trespass. But, as has been made to appear, no evidence was offered in this case to show the extent of the injury following from the trespass alleged. And we may in this connection remark that, if this was a case in which it had been made to appear that the plaintiff's arrest and detention were without probable cause, then his position that upon a general statement in his complaint of such trespass, he would be entitled, as a matter of law, to substantial or actual damages, would doubtless be sustainable. But, as we have shown, this is not such a case.

The cases of *Lick* v. *Owen*, 47 Cal. 252; *Taylor* v. *Hearst*, 107 Cal. 272, [40 Pac. 392]; *Von Schroeder* v. *Spreckels*, 147 Cal. 186, [81 Pac. 515], and *Page* v. *Mitchell*, 13 Mich. 63, [86 Am. Dec. 75], are cited by the plaintiff in support of his position here. The three cases first mentioned were actions for libel and the Michigan case was one for an unlawful arrest. They are not in point here for at least two reasons: 1. In actions for libel, where, as in those cases, the publication is not privileged, the law implies malice (Civ. Code, sec. 47, and the cases above named), and in cases of tort, where the defendant has been guilty of oppression, fraud, or malice, actual or implied, the jury may, in addition to the allowance of actual damages, impose upon the defendant, exemplary damages, "for the sake of example and by way of punishing the defendant." (Civ. Code, sec. 3294.) 2. All the cases referred to were tried before juries and verdicts returned, and two of the libel cases and the Michigan case were reversed because of instructions limiting the juries to the finding of nominal damages only. In the other libel case the order granting a new trial was affirmed.

1. In this case there is no pretense that the act of the sheriff involved malice, either express or implied, or that oppression or fraud characterized it in any degree. To the contrary, as shown, the plaintiff himself absolves the defendant sheriff from any malice or imputation thereof in the act of arresting and detaining the plaintiff by alleging that such arrest and detention were supported by probable reason for believing that he (the plaintiff) had committed the felony for which he was so arrested and detained. 2. The case here was not tried before a jury to which it was necessary to submit instructions upon the law pertinent to the facts.

The trial court, in this case, in awarding judgment upon the pleadings, and assessing damages, acted in a dual judicial capacity. This proposition necessarily follows from the very nature of a motion for such a judgment. For a motion for judgment upon the pleadings is, in substance, both a motion and a demurrer. While it is in effect a demurrer, because it challenges the sufficiency of the complaint to state a legal wrong or that of the answer to state a legal defense, as the case may be, it, at the same time, operates as a motion for the reason that it is an application for an order for judgment. (31 Cyc. 606, and cases cited in the foot-notes.) It follows, therefore, as before declared, that the court in this action was required to exercise two different kinds of judicial functions: First, it was called upon to determine the question, purely one of law, whether the plaintiff was entitled to any judgment upon the pleadings, and second, having decided that the plaintiff was entitled to such a judgment, it was required to determine the question, which perhaps may be said to be one of mixed law and fact, as to the extent of the damage suffered by the plaintiff—that is, what damages, when measured in money, would satisfy the ends of the justice of the case as the same was disclosed by the facts before it. In other words, the latter function involved the determination of a question of mixed law and fact because said question, having been submitted to the court, required a determination by it of what damages in law the defendant was entitled to under the facts as disclosed by the complaint. But, in exercising that function—that is, in the determination of the *quantum* of damages—the court, in practical effect, acted in the place of a jury, and certainly it cannot be said that in that regard it was vested with any less discretion than a jury would have been had the case upon the facts been so tried and decided.

In this instance the court became the exclusive judge of both the law and the facts, and so was authorized to conclude and decide, as we think a jury would have been justified in concluding and deciding upon similar facts, under appropriate instructions, that, under the law, the facts justly justified the award of nothing more than nominal damages. If, to be more explicit, the case as it stands as to the facts had been submitted to the determination of a jury and a verdict for nominal damages returned, it could not well be argued that

this court could say, as a matter of law, that the plaintiff was entitled to substantial damages, and that the conclusion so reached by the jury was, therefore, erroneous or not warranted by the facts. As we view the case, the situation here, so far as is concerned the decision of the question of damages, which is a question of fact, is precisely the same as if said question were submitted to the arbitrament of a jury, and it is no more within the competence of a reviewing court to annul a judgment rendered and entered under such circumstances as are shown here than it would be to set aside a judgment entered upon the verdict of a jury founded upon facts similar to those to which the court was confined in the matter of the assessment of damages in this case.

Our conclusion is, as before stated, that the case as it was submitted to the trial court was one in which the conclusion was forced that the omission of the sheriff to make a formal complaint against the plaintiff, as required by the code section mentioned, involved nothing more than a mere technical trespass, from which the plaintiff could have suffered no substantial injury or actual damage.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.