## COLUMBIA AID ASS'N et al. v. SPRAGUE.

(Court of Appeals of District of Columbia. Submitted March 7, 1921. Decided March 7, 1921.)

No. 3426.

1. Appeal and error ⊝⟾999 (1)—Jury findings on properly submitted questions are conclusive.

Where the trial court properly submitted to the jury the only two questions which the parties claimed were to be determined by them, and no exception was taken to the instruction, the jury's finding on those questions is not open for review.

Appeal and error ⊝⟾175—Question not presented to trial court cannot be raised.

Where the appellant stated at the trial that there were only two questions for the jury, both of which were properly submitted by instructions to which no exception was taken, he cannot urge on appeal that there was another question in the case, since the appellate court sits to correct errors of the trial court and the trial court cannot be said to have erred with respect to a matter not brought to its attention.

Appeal from the Supreme Court of the District of Columbia.

Action by Allen B. Sprague against the Columbia Aid Association and another. Judgment for plaintiff, and defendants appeal. Affirmed.

S. L. McLaurin and William H. Richards, both of Washington, D. C., for appellants.

Edmund Carrington and Irving Williamson, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. The appellant is a corporation engaged in this District in extending aid to its members and their beneficiaries under certain circumstances. Its constitution provides that upon the death of a member it will pay to his widow or legal representative $150 unless he leaves a will, in which event it will pay as the will directs. The constitution also says that "when there is no wife or legal representative and no special instruction left by the deceased, this association shall" use the funds to "properly bury the deceased." A blank form for designation of a beneficiary is issued to each member and he is urged to sign it and then lodge it with the association.

Owen C. Sprague and his brother, Allen B., the appellee, were members of the association. Owen died in 1916. Some six months before his death, and while he was a resident of Richmond, Va., his brother Allen, having received some of the blank forms, sent him two to be filled out and signed. After they had been filled out Owen returned both to his brother, and requested him to have them properly witnessed. About six months thereafter Owen returned to Washington, where he died.

There is testimony tending to show that the forms were filled out by Owen in his own handwriting and signed by him, and that subsequently they were witnessed by three persons, who wrote their names on the forms as witnesses, and then delivered to the appellee with the full knowledge and consent of Owen. There is also testimony to the effect that some 25 days before the death of Owen one of the forms, filled out, signed, and witnessed as we have just stated, was delivered to the association at a regular meeting thereof.

[1] At the close of all the testimony the court said to the parties: "There is but one fact in this case for the jury to find: Did Owen C. Sprague sign the paper in question?" To this counsel for the association responded: "If your honor please, there are two facts: Did decedent execute the special instruction? And did he deliver it?" "Yes," said the court, "did he execute the paper and did he deliver it." These two questions were properly submitted to the jury. No exception was taken by the association to the instruction submitting them. The jury found against the association, and that closed the question. It is not open for review by us. This statement of the law needs no citation of authorities to support it.

[2] But it is now urged that there is another question in the case, namely, that the form or paper under consideration was in effect a will; that it was not executed in conformity with the law applicable to wills, and is therefore void. Appellant has no right to raise this question. We sit to correct errors of the trial court. It cannot be said that the court erred with respect to a matter not brought to its attention, and upon which it neither ruled nor was asked to rule. In-

deed, it was told inferentially by the association that it was not in the case.

The judgment of the lower court is affirmed, with costs.

Affirmed.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.