## CAVE v. DISTRICT OF COLUMBIA.
### No. 6876.

United States Court of Appeals for the District of Columbia.

Decided April 5, 1937.

Needham C. Turnage and Charles T. Clayton, both of Washington. D. C., for plaintiff in error.

Elwood H. Seal, Vernon E. West, and James W. Lauderdale, all of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

STEPHENS, Associate Justice.

According to an agreed statement of facts in this case:

". . . the defendant [plaintiff in error] owns and operates four passenger automobiles, and is engaged in the business of hiring same to undertakers and fraternal bodies for use at funerals; . . his automobiles are kept in his garage and are not on the hack stands and are only on the streets of Washington, D. C., when actually engaged in his business; . . he hires said automobiles to any undertaker or fraternal body and . . . he is paid by the undertaker or fraternal body which hires him. . . . on October 28, 1935, in the District of Columbia a passenger vehicle, Cadillac seven passenger sedan, D. C. tag number 53-538, one of the four cars owned and operated by defendant, started out in a funeral procession from . . . 13th & N Streets, N. W., Washington, D. C. There were persons in the car who were attending the funeral, other than Herbert Cave, the operator and owner thereof. This car proceeded . . . over the streets in the District of Columbia for several miles to the cemetery and was one of the cars in the funeral . . . . Defendant exhibited his operator's permit and registration card for said vehicle. For the use of this passenger vehicle aforesaid, D. C. tag No. 53-538, on this occasion the defendant charged and received seven dollars ($7.00) compensation, paid to him by the . . . Lodge, a fraternal organization, by whom he was engaged for this service. The . . . Lodge paid [the undertaker] the other expenses incident to this funeral. Said passenger vehicle was operated from defendant's private establishment.

"The defendant, Herbert Cave, did not have a public vehicle license under paragraph 31 (d) [of the Act of Congress hereinafter referred to]."

Upon the agreed statement of facts, and under a charge that he was operating a "vehicle on the public streets without first having obtained a license," the defendant was tried in the Police Court and found guilty and subjected to a penalty of $10

or ten days' imprisonment. We granted writ of error.

The license tax statute for the District of Columbia [D.C.Code (Supp. II, 1936) tit. 20, § 1731 (a)–(f); 47 Stat. 555] provides, so far as here pertinent, in paragraph (b) that persons:

"proposing to operate any vehicle or vehicles not confined to rails or tracks for the transportation of passengers for hire over all or any portion of any defined route or routes in the District of Columbia, except when such vehicle or vehicles are to be operated solely for sight-seeing purposes, . . shall pay to the collector of taxes, in lieu of any other franchise, personal or license tax, in connection with such operation, the sum of eight-tenths of 1 cent for each vehicle-mile proposed to be operated . . . ."

and in paragraph (c) that:

"Owners of passenger vehicles for hire having a seating capacity of eight passengers or more, in addition to the driver or operator, other than those licensed in the preceding subparagraph [(b)], shall pay a license tax of $100 per annum for each vehicle used. . . ."

and in paragraph (d) that:

"Owners of passenger vehicles for hire, whether operated from a private establishment or from public space, other than those licensed in the two preceding subparagraphs [(b) and (c)], shall pay a license tax of $25 per annum for each such vehicle used in the conduct of their business. . . ."

It is under paragraph (d) that the plaintiff in error must, according to the contention of the District of Columbia, pay a license tax.

Under the assignment of errors as argued in his brief the plaintiff in error makes two main points: first, that properly construed paragraph (d) of the statute does not apply to the vehicles described in the agreed statement of facts, and second, that if applicable to such vehicles, the statute is void as discriminatory.

Under the first point the plaintiff in error asserts that the vehicles in question are not, within a proper meaning of the statute, vehicles for hire; that if construed to be applicable to the vehicles in question, the statute will operate as a restriction upon interstate commerce, and that in the absence of a clearly expressed intent on the part of Congress, it cannot be given such an effect; finally under this point, that the statute cannot be construed as applicable to the vehicles in question because it will, if thus construed, impose so heavy a burden upon such vehicles and their use as not to be properly said to be within the contemplation of Congress.

In respect of the asserted burden of the statute, the argument of the plaintiff in error rests, in the large, upon the contention that the incidence of the statute as applied to the vehicles of the plaintiff in error and similarly used vehicles will burden funerals with excessive and needless expense. This contention rests in part, in the brief of the plaintiff in error, upon assertions and tabulations concerning the number of undertakers and lodges in the District of Columbia, the number of vehicles employed in funeral (and ambulance) use, and the prevalent interment in Maryland and Virginia of those dying in the District of Columbia. None of this is in the agreed statement of facts. Reference is made also to the cost of compliance with requirements of Maryland law for commercial vehicles. But nothing in the agreed statement of facts shows that any of the vehicles mentioned therein were operated in Maryland; and the statement affirmatively shows that the particular vehicle whose use without a license is the subject of the charge was being operated in the District of Columbia. Reference is made further under this topic to the provisions of paragraph (e) of the statute requiring character licenses and badges, and to the provisions of paragraph (f) requiring vehicle identification tags. But these requirements are not unduly burdensome. In any event, so far as the asserted burden of the statute is concerned, where the language is clear and the intention plain, the courts must apply the statute as it stands even if the consequence is a hardship. United States v. 1960 Bags of Coffee, 8 Cranch 398, 3 L.Ed. 602; United States v. Alger, 152 U.S. 384, 14 S.Ct. 635, 38 L.Ed. 488; Bate Refrigerating Co. v. Sulzberger, 157 U.S. 1, 15 S.Ct. 508, 39 L.Ed. 601. As to the argument that if construed to be applicable to the vehicles in question the statute will operate as a restriction upon interstate commerce and that in the absence of a clearly expressed intent on the part of Congress it can be given no such effect: "Not a law alone, but a law and its incidence are necessary to a justiciable right or injury; . . . ." Clark v. Kansas City, 176 U.S. 114, 118, 20 S.Ct. 284, 44 L.Ed. 392. See, also, Boston &

Maine R. R. v. Armburg, 285 U.S. 234, 52 S.Ct. 336, 76 L.Ed. 729; Sims v. Rives, 66 App.D.C. 24, 84 F.(2d) 871, certiorari denied, 298 U.S. 682, 56 S.Ct. 960, 80 L. Ed. 1402. And again it does not appear from the agreed statement of facts that the vehicles of the plaintiff in error mentioned therein were operated in interstate commerce, and it appears, as said above that the particular vehicle whose use without a license is the subject of the charge was being operated in the District of Columbia. We cannot consider matters not in the record; we can review only the case made in and tried by the lower court. As to the contention of the plaintiff in error that his vehicles are not "passenger vehicles for hire" because they are hired by undertakers or lodges for the carriage of passengers, rather than by the passengers themselves directly: The language of the statute, "Owners of passenger vehicles for hire, whether operated from a private establishment or from public space, . . shall pay a license tax of $25 per annum for each such vehicle used in the conduct of their business," clearly embraces the vehicles in suit. It is immaterial under the statute by whom the vehicles are directly hired. Vehicles are "passenger vehicles for hire" when hired by an undertaker or lodge as clearly as when hired by individual passengers. Indeed, the whole argument of the plaintiff in error with reference to construction of the statute is without foundation. The terms of paragraph (d) of the statute are not ambiguous in and of themselves and are not inconsistent with the general purpose of the statute. Hence there is nothing to construe. Moreover the statute is not out of harmony, in application to the vehicles of the plaintiff in error, with any such broad public policy as might bring the case within the rule of Rector, etc., of Holy Trinity Church v. United States, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226, referred to in argument by the plaintiff in error.

■ As to the second of the main points of the plaintiff in error, that if the statute is construable as applicable to him and his vehicles it is void as discriminatory: This point is rested, apparently, upon the proposition that the license tax for "drive-it-yourself" cars is at a different rate [D.C.

Code (Supp. II, 1936) tit. 20, § 1732] from that for the cars of the plaintiff in error, and that private contract carriers of freight not operating from public space are not subjected to license tax at all. But there are such substantial differences between the uses of "drive-it-yourself" cars and vehicles carrying freight on the one hand, and vehicles for funeral use on the other, as to make the classification not necessarily unreasonable.

■ As was said in Tax Board of Commissioners v. Jackson, 283 U.S. 527, 51 S. Ct. 540, 75 L.Ed. 1248, 73 A.L.R. 1464:

"The restriction that it [the power of taxation] shall not be so exercised as to deny to any the equal protection of the laws does not compel the adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in the selection of subjects, or the classification for taxation of properties, businesses, trades, callings, or occupations. Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232 [10 S.Ct. 533, 33 L.Ed. 892]; Southwestern Oil Co. v. Texas, 217 U.S. 114 [30 S.Ct. 496, 54 L.Ed. 688]; Brown-Forman Co. v. Kentucky, 217 U.S. 563 [30 S. Ct. 578, 54 L.Ed. 883]. The fact that a statute discriminates in favor of a certain class does not make it arbitrary, if the discrimination is founded upon a reasonable distinction, American Sugar Rfg. Co. v. Louisiana, 179 U.S. 89 [21 S.Ct. 43, 45 L.Ed. 102], or if any state of facts reasonably can be conceived to sustain it. Rast v. Van Deman & Lewis Co., 240 U. S. 342 [36 S.Ct. 370, 60 L.Ed. 679, L.R.A. 1917A, 421, Ann.Cas.1917B, 455]; Quong Wing v. Kirkendall, 223 U.S. 59 [32 S.Ct. 192, 56 L.Ed. 350]." 283 U.S. 527, at page 537, 51 S.Ct. 540.

In addition to the points above discussed the plaintiff in error argues—to just what end we are unable from his brief to make out—that his vehicles are not common carriers. Since they are clearly, as we hold, "passenger vehicles for hire," we think it not necessary to determine whether they are common carriers, or whether the term "public vehicle," used in paragraph (a) of the statute[1] is meant to be synonymous with "common carrier."

The judgment of the trial court is

Affirmed.

---

1 "Every passenger vehicle for hire licensed under this paragraph shall be considered a public vehicle."