## MACDONALD v. SCHENKEL.

### No. 7732.

United States Court of Appeals for the District of Columbia.

Argued Oct. 7, 1941.

Decided Oct. 13, 1941.

James J. Laughlin, of Washington, D. C., for appellant.

D. Edward Clarke, of Washington, D. C., for appellee.

Before GRONER, Chief Justice and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

Appellant sued appellee, his brother-in-law, for false imprisonment. His complaint alleged that in July, 1939, he got into appellee's car at the latter's invitation to be taken to his home in Washington City, but instead was taken to the station house, turned over to the police, and without any charge being placed against him was confined in a cell from Saturday night until Monday. Appellee answered that on the day in question he was called by a police officer of the District of Columbia Women's Bureau and advised that appellant's wife (his sister) and two children had been evicted from their home for nonpayment of rent; that he went to the Bureau, saw his sister, was informed that her husband (appellant) had deserted her, and was asked by both the police and his sister to apprehend appellant in order that he should not leave the District without making provision for his family; that he thereafter located appellant, whom he found in a more or less drunken condition, and in good faith and without malice took him to the station house in order that he might be held until he was in fit condition to return to his wife and children.

The court, on motion of the plaintiff, entered judgment on the pleadings and the case was sent to a jury to assess the amount of damages. In the ensuing trial, evidence was introduced by both parties, and the jury fixed the damages at $1. Appellant moved that the verdict be set aside as inadequate and a new trial awarded. This appeal is from the refusal of the court to grant the motion.

The single question is whether the damages awarded are obviously so inadequate as clearly to indicate that the jury was influenced by passion or prejudice. The answer must be in the negative. There was no allegation of special damages. We have said many times that when a question of fact is submitted to a jury

under proper instructions, as to which there is neither objection nor exception, the verdict of the jury closes the question. Here the jury heard the evidence of both sides in relation to appellant's detention, and it thereupon became their exclusive duty to assess his damages. All the circumstances considered, we cannot say as a matter of law that there was an abuse of discretion. Columbia Aid Ass'n v. Sprague, 50 App.D.C. 307, 271 F. 381; Washington Times Co. v. Bonner, 66 App.D.C. 280, 293, 86 F.2d 836, 110 A.L.R. 393; Ramsey v. Ross, 66 App.D.C. 186, 189, 85 F.2d 685; Schnaufer v. Price, Tex. Civ.App., 124 S.W.2d 940; Salo v. Smith, 25 Cal.App. 295, 143 P. 322; Wegner v. Risch, 114 Wis. 270, 90 N.W. 168; Bergeron v. Peyton, 106 Wis. 377, 82 N.W. 291, 80 Am.St.Rep. 33; Henderson v. McReynolds, 60 Hun. 579, 14 N.Y.S. 351; Taylor v. Davis, Tex.Sup., 13 S.W. 642. Certainly, under the circumstances, there was no abuse of discretion by the trial judge in denying appellant's motion.

Affirmed.