## MILLER v. PROPHET.

### No. 184.

Municipal Court of Appeals for the District of Columbia.

Argued May 2, 1944.

Decided May 19, 1944.

Mark P. Friedlander, of Washington, D. C., for appellant.

Herman Miller, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellant retained possession of a dwelling after his lease expired. Appellee, suing as landlord, sought possession for her own immediate personal use as a residence.[1] Judgment was in her favor.

Appellee's family had been evicted from their former residence after a sale of that property and were forced to separate to secure temporary living accommodations. The evidence was sufficient to sustain her claim under the exception to Section 5 of the Emergency Rent Act.

The only other issue was whether there was sufficient evidence that appellee, as landlord or owner, was entitled to maintain the action.

The Rent Act includes the owner in its definition of "landlord." Appellee produced and offered in evidence, without objection on the part of appellant, a purchase contract in the usual form; receipts evidencing cash payments of $722.80; the settlement sheet of a title company, containing the itemized detail of the settlement; the receipt of the Recorder of Deeds showing the recording of a deed between the parties to the sale contract; and the original lease under which appellant had entered into possession, whereon was endorsed an assignment to appellee, executed by the lessor, a realty company.

An employee of the vendor testified that the executed deed and the assigned lease were transmitted by him to the title company to be delivered to appellee when the sale was closed.

Appellant argues (1) that to prove ownership the deed should have been produced; (2) that the title of the grantor in the deed should have been established.

[1] Emergency Rent Act, Sec. 5, Code 1940, § 45—1605.

No objection was made at the trial to the testimony of appellee that she had purchased the property, or to the various exhibits offered to support her statement. It is not shown by the record that her title or ownership of the property was questioned. The deed could readily have been produced, if demanded, but appellant made no such demand and offered no evidence in his own behalf.

Whatever interest appellant's lessor may have had in the reversion was transferred to appellee by assignment of the lease, and it is unreasonable to suppose that the realty company named as grantor in the lease would have executed an assignment to appellee and delivered the lease and assignment to the vendor for delivery to appellee, had it owned or represented an interest adverse to the title then being transferred.

More than two months before the trial appellant was notified that appellee claimed to be the purchaser and owner of the premises. If appellant wished to dispute appellee's title a special plea was required to be filed, and undertaking given, whereupon the case would be certified to the District Court of the United States for the District of Columbia. Code 1940, § 11—738. We may properly assume that counsel then representing appellant performed his duty and was satisfied that the source of appellant's title under the lease was not paramount to appellee's title under her deed. We cannot order a new trial to permit counsel now retained in the case to make objections to evidence received without objection, or to try the case upon some new and different theory.[2]

Affirmed.

---

[2] Columbia Aid Association v. Sprague, 50 App.D.C. 307, 271 F. 381; Cave v. District of Columbia, 67 App.D.C. 138, 90 F.2d 383; Champ v. Atkins, 76 U.S. App.D.C. 15, 128 F.2d 601.