## LIPSCHUTZ et al. v. PHILLIPS et al.

(Court of Appeals of District of Columbia. Submitted May 4, 1921. Decided June 6, 1921.)

No. 3483.

1. **Vendor and purchaser ☞37(1)—Purchaser cannot rely on representation that other party was agent, when he signed as owner.**

In a suit to cancel a contract for the purchase of real estate, the purchaser cannot rely on misrepresentation by the vendor that he was the agent for the owner, and not the owner, where the contract provided it was to be approved by the owner, and it was so approved by the vendor, who also executed it as agent.

2. **Vendor and purchaser ☞37(6)—Misrepresentation by owner that he was agent for owner does not injure purchaser.**

A misrepresentation by the owner of the property sold that he was the agent for the owner does not injure the purchaser, and does not invalidate the contract.

3. **Vendor and purchaser ☞37(5)—Misrepresentation of value avoids contract, only if known to be false.**

A misrepresentation by the vendor as to the value of the property sold is fraud, invalidating the contract, only if the vendor knew the representation was false when he made it, so that a bill to cancel the

---

contract for fraud must allege knowledge of the falsity of such representation.

**4. Vendor and purchaser** ⊂⇒37(4)—**Purchasers having opportunity to examine cannot rely on misrepresentations as to value.**

Where purchasers lived in the same place in which the property was located, and had full opportunity to examine it and ascertain its value, they cannot rely on misrepresentations by the vendor as to its value.

**5. Mortgages** ⊂⇒338—**Denial of injunction against sale under purchaser's trust deed, after dismissal of suit to cancel, held proper.**

Where the purchasers sued to cancel the contract for the purchase of the property, and asked that the trustees under a trust deed given by them be restrained from selling the property pending the determination of the suit, the purchasers cannot complain of the denial of the injunction against the trustees, after the court had properly dismissed the bill for want of equity.

**6. Trial** ⊂⇒11(3)—**Suit to cancel for fraud, dismissed for want of equity, need not be transferred to law side.**

Where the court held that a bill to cancel a contract for the purchase of realty on the ground of fraud did not state a cause for equitable relief, it was not necessary to transfer the case to the law docket, which is required by Trial Court Law, rule 76, only when the suit would otherwise be dismissed on the ground it had been brought on the wrong side of the court.

**7. Appeal and error** ⊂⇒1043(1)—**Refusal to cite for contempt trustees alleged to be prejudiced held harmless.**

Refusal of the trial court to cite for contempt trustees under a deed given by the purchaser, who sold the property pending the purchasers' suit to cancel the contract for fraud, was not prejudicial to the purchasers, where the cancellation of the contract was refused, and there was no prayer for the removal of the trustees, though there was an allegation that they were prejudiced against the purchasers.

Appeal from the Supreme Court of the District of Columbia.

Suit by John E. Lipschutz and another against William S. Phillips and others to cancel a contract for the purchase of real estate. Decree for defendants, and complainants appeal. Affirmed.

R. M. Hudson, of Washington, D. C., for appellants.
J. D. Eason, Jr., of Washington, D. C., for appellees.

SMYTH, Chief Justice. The appellants, husband and wife, brought suit in the Supreme Court of the District to cancel a contract for the sale and purchase of real estate, and for other relief. From a decision against them, they bring the case here for review.

Their bill alleges that by a written contract, dated May 11, 1920, Phillips, as agent, agreed to sell, and they agreed to purchase, a certain piece of real estate located in the District for $8,750; the purchasers to pay part of the consideration in cash, give promissory notes for part secured by a trust deed, and assume trust deeds then on the property. The contract was made "subject to approval of owner." The same day on which the contract was signed, Phillips O. K.'d it as owner. The bill further alleges that, on the 18th day of May, Phillips conveyed the property to the appellants, as joint tenants, and took back from them a deed of trust running to the appellees Todd and Michael, as trustees, to secure the payment of promissory notes for $2,700.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and that appellants paid $1,000 in cash to Phillips on account of the purchase price. It also alleges that Phillips, in his negotiations with the appellants, held himself out as the agent of the owner of the property, when in fact he was the owner; that he assured them that the property was worth more than $8,750, although it was worth from $2,000 to $2,-500 less than that amount; that they relied upon Phillips' representations, and would not have purchased, if they had not believed them to be true.

About three months thereafter, so the bill says, having ascertained that the representations made by Phillips, both as to agency and value, were wholly false, they offered to rescind all the papers which had passed between them and Phillips, demanded a return of the money which they had paid and the notes which they had given, and offered to reconvey to him the property, but Phillips declined the offer and refused the demand.

Phillips moved to dismiss the bill. Pending the disposition of the motion, appellants filed an amended bill, in which they set up that the trustees, Todd and Michael, had advertised the property for sale under the deed of trust which they had given, and would sell it unless restrained, and that thereby they had committed a contempt of court; that the trustee Michael was prejudiced against the plaintiffs; that Todd was an employee of Phillips; and that the trustees by reason of these facts would not impartially protect the interest of the plaintiffs.

[1, 2] We do not think the appellants have any ground for complaint on the score that Phillips had falsely represented that he was an agent and not the owner. They knew he was the owner when they signed the contract, because he O. K.'d it as owner. With that knowledge they accepted the contract. They will not now be heard to say they were induced to make the contract in the belief he was not the owner. But whether he was the agent or the owner is immaterial. They do not claim he was their agent. On the contrary, they make it manifest he was not, but that he claimed to be the agent of the owner. Whether the agent or owner, he was the other party to the contract, and dealt with them as such. The fact that he was, as alleged, a licensed real estate broker makes no difference. That did not place upon him any other duty to the appellants than would be his as the owner. Appellants cite authorities dealing with the duty of an agent to his principal, where the latter hires him to find a purchaser for a piece of real estate. Clearly they have no application to this case. Phillips, as we have said, was not employed by the appellants.

[3] The case, then, turns on whether or not Phillips, by misrepresenting the value [we must take the allegations of the bill as true] violated any legal duty which he owed to the appellants. It will be observed that there is no charge in the bill to the effect that Phillips when he stated the value knew that he was speaking falsely. This is a fatal omission.

"The rule that no one is liable for an expression of an opinion is applicable only when the opinion stands by itself as a distinct thing. If it is given in bad faith, with knowledge of its untruthfulness, to defraud others, the person making it is liable. * * *" Williams v. State, 77 Ohio St. 468,

472, 83 N. E. 802, 803 (14 L. R. A. [N. S.] 1197). See also the cases cited therein.

Usually the mere expression of an opinion relative to value is not regarded as a statement of a fact which, if untrue, could be made the basis of a suit for false representations, unless the person giving the opinion knew at the time it was untrue. If he knew this, he is said to have knowingly misrepresented the condition of his own mind, which condition is a fact. Olston v. Oregon Water Power & Railway Co., 52 Or. 343, 96 Pac. 1095, 97 Pac. 538, 20 L. R. A. (N. S.) 915; Spead v. Tomlinson, 73 N. H. 46, 59 Atl. 376, 68 L. R. A. 432; Montgomery Southern Railway Co. v. Matthews, 77 Ala. 357, 54 Am. Rep. 60; 12 R. C. L. 249.

[4] But in the circumstances of this case, even if Phillips knew the true value, appellants would not have a cause of action. The property is located in the District. Appellants had every opportunity to examine it and ascertain its value before signing the contract. They were not justified in relying upon what Phillips said. In Slaughter's Administrator v. Gerson, 13 Wall. 379, 383 (20 L. Ed. 627) we read:

"Where the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he has been deceived by the vendor's misrepresentations. If, having eyes, he will not see matters directly before them, where no concealment is made or attempted, he will not be entitled to favorable consideration when he complains that he has suffered from his own voluntary blindness, and been misled by overconfidence in the statements of another."

This is approved in Farnsworth v. Duffner, 142 U. S. 43, 47, 12 Sup. Ct. 164, 35 L. Ed. 931. That principle, when applied to this case, is decisive of it. There was no equity in plaintiffs' bill, and it was rightly dismissed.

[5] Nor is there any error in the refusal of the court to enjoin the sale. The request was that it stay the sale until "the rights of the parties are established by the court." The court did not deny the injunction until after their rights had been established. Thus all that plaintiffs sought to accomplish by the injunction was done without it. No application, let it be observed, was made to restrain the sale pending this appeal, and, that being so, the court, of course, did not err in failing to forbid it.

[6] It is claimed that when the court held the bill did not state a cause for equitable relief, it should have transferred the case to the law docket. Just why this should have been done we are not told. The court did not dismiss the suit on the ground that it had been brought on the wrong side of the court. It is only when so brought that a suit may be transferred. Trial Court law rule 76; Tuckerman v. Mearns, 49 App. D. C. 153, 158, 262 Fed. 607.

[7] The failure of the court to cite the trustees for contempt did not prejudice appellants, and they have therefore no cause for complaint on that footing. While it was alleged in the amended bill that the trustees in making the sale would not impartially protect the interest of

the plaintiffs, the court was not asked to remove them, or to grant any other relief because of that. There is, consequently, nothing for us to review in that regard.

Because there is no error in the record, the decree is affirmed, with costs.

Affirmed.