### BAKER v. BAKER et al.

(Court of Appeals of District of Columbia. Submitted October 10, 1923. Decided March 3, 1924.)

#### No. 3928.

1. **Husband and wife ⬅205(1)—Remedy held by action at law on settlement agreement, and not by suit for accounting.**

   Where plaintiff consented to the dismissal on the merits of his suit to obtain an alleged interest in his wife's investment of joint funds or of money loaned by him, in consideration of his wife's promise to pay him a stated sum and a salary, *held*, that whatever rights plaintiff had were adjusted by the agreement, and in the absence of a showing that his wife was insolvent, his remedy for a breach of that agreement is by an action at law, and not by a suit for an annulment of the decree, and a discovery and accounting.

2. **Fraud ⬅20—Reliance on false representations essential.**

   Generally actual actionable fraud is the concealment of a fact which should have been disclosed, or is the representation of the existence of a fact which did not exist, and the representation must be positively made, knowing it to be false, or recklessly and positively made without knowledge of its truth; and the party to whom the representation was made must not only be warranted in accepting it, but must actually accept it, and, relying on its truth, act as contemplated by the party making it.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraud.]

3. **Fraud ⬅12—Statement of future intent not actionable.**

   No statement as to what will be done or is intended to be done in the future constitutes fraud.

4. **Contracts ⬅98—Until set aside, contract which one party does not intend to perform determines rights of parties.**

   Until a contract executed in consideration of a promise which one of the parties does not intend to perform is rescinded or set aside, the contract determines the rights of the parties, and suit for its enforcement is a proper remedy for a breach thereof.

Appeal from the Supreme Court of the District of Columbia.

Suit by Charles W. Baker against Effie I. Baker and others. From a final decree dismissing plaintiff's amended bill of complaint, plaintiff appeals. Affirmed.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

H. S. Barger, of Washington, D. C., for appellant.

George C. Gertman and D. Edward Clarke, both of Washington, D. C., for appellees.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. This is an appeal from a final decree dismissing plaintiff's amended bill of complaint. It appears from the amended bill that Charles W. Baker and Effie I. Baker were married in September, 1912, at Chambersburg, Pa., and immediately thereafter took up their residence in Martinsburg, W. Va. There the husband purchased and equipped out of his own means a hotel, which in conjunction with a confectionery and restaurant business was thereafter operated by himself and wife. The moneys and profits derived from the hotel, restaurant, and confectionery business were deposited in bank to the joint credit and in the joint names of plaintiff and defendant.

From time to time the wife, without the knowledge of her husband, withdrew funds from the joint account and deposited them in her own name in a bank other than that in which the funds were originally placed. Subsequently she used the funds so withdrawn and redeposited, together with the additional sum of $7,680 advanced to her by her husband, for the purchase of certain real estate, the deeds for which were to be taken in her name and that of her husband as co-owners.

Charles W. Baker and Effie I. Baker continued to live together as husband and wife after their marriage, and until the purchase of said real estate had been concluded, and until after January, 1921, when the wife informed the husband that she had obtained a divorce from him and drove him from the family home. The husband sought to have an adjustment of their property rights, especially in the properties purchased by the wife in her own name, and paid for in whole or in part out of joint funds and moneys advanced by the husband, but the wife denied that he had any right or interest in any of the properties so purchased, and refused to make any adjustment. Whereupon the plaintiff commenced a suit in equity, designated as No. 39239, for the enforcement and preservation of his rights in the properties purchased, and to compel a settlement and accounting by his wife. After the commencement of the suit, the wife threatened to kill her husband unless he dismissed his suit, but finally proposed that, if he would dismiss and discontinue his equity suit, she would complete the sale or exchange of property on Rhode Island avenue, paid for in part out of joint funds, and would thereupon pay to plaintiff the sum of $3,000 in cash and employ him for the period of one year at $70 per month.

The plaintiff, in so far as the complaint discloses, freely and voluntarily accepted the proposition of his wife, and thereupon entered into an agreement in which she agreed to pay him the sum of $3,000 and to employ him for one year from the 20th of August, 1921, at the rate of $70 per month. In consideration of that agreement plaintiff consented to dismiss, and did dismiss, his equity suit upon the merits. According to the bill, and after the dismissal of the equity suit, the wife conveyed away all her right, title, and interest in the Rhode Island ave-

nue property, and received to her own use the entire purchase price thereof. She refused, however, to carry out her agreement with the plaintiff, in consideration of which he had dismissed his suit, and refused to pay him the sum of $3,000, or any part thereof, or to employ the plaintiff as agreed. Wherefore plaintiff prayed for the appointment of a receiver for the properties purchased by Effie I. Baker, the discovery and disclosure by her of all property purchased by her out of joint funds, an accounting of the profits, rents, and issues thereof, the annulment of the decree dismissing the equity suit, and for such other and further relief as the nature of the case might require.

The defendant Effie I. Baker moved to dismiss the amended bill of complaint on the ground, first, that said amended bill did not differ materially from the original bill; second, that the plaintiff, if entitled to any equitable remedy, was bound to seek it in the original equity cause, No. 39239; third, that there was no allegation in the bill of complaint of any newly discovered evidence, which could not have been discovered by the exercise of reasonable diligence at the time of the institution and pendency of the original action in equity No. 39239; fourth, that the subject-matter of the action as stated in the bill of complaint was amicably adjusted between the plaintiff and his wife, and that the subsisting contract fixed and determined the liability of Effie I. Baker; fifth, that the cause of action stated in the amended bill of complaint was prior to the filing thereof adjudicated by the decree of dismissal in suit No. 39239, and that there were no facts and circumstances averred in the bill which would warrant the setting aside of that decree; sixth, that the plaintiff had a complete and adequate remedy at law upon the contract of settlement as stated in the bill of complaint as amended; seventh, that it did not appear from the bill that Effie I. Baker was insolvent at the time the decree was filed, or that she could not respond to any judgment which might be recovered against her upon the contract of settlement.

The court below granted the motion, and dismissed the bill of complaint, upon the ground that the plaintiff was not without an adequate and complete remedy at law upon the contract in consideration of which he dismissed his original equity suit on the merits. From the dismissal of his amended bill of complaint plaintiff took this appeal, and now asks for reversal on the ground that the court erred in so ruling, and in holding that the plaintiff had an adequate and complete remedy at law. In support of the appeal and the assignments of error, it is contended, first, that the dismissal of the original equity suit on its merits was obtained by fraud; second, that the consent decree in the original equity suit was nothing more than a contract between the parties, and that it may be avoided for fraud.

[1, 2] It does not appear from the bill that equity suit No. 39239 was dismissed under duress, or that the plaintiff entered into the contract of settlement because of the threats alleged, or because plaintiff feared bodily harm. The original equity suit was dismissed in consideration of the contract of settlement entered into between husband and wife, and because of the wife's promise to pay to the husband the sum of $3,000 and to employ him for one year at $70 per month. It is

alleged that that contract was made by the wife without any intention on her part to keep or perform it, and that it was made for the sole purpose of fraudulently and deceitfully procuring a dismissal of the original equity cause; but it is not alleged that the contract was executed under duress, or because of the threats made by the wife prior to its execution. As a general rule, actual actionable fraud is the concealment of a fact which should have been disclosed, or is the representation of the existence of a material fact which did not exist. That representation must be positively made knowing it to be false, or recklessly and positively made without knowledge of its truth. The party to whom the representation is made must not only be warranted in accepting it, but he must actually accept it, and, relying on its truth, act as contemplated by the party making it. Ming v. Woolfolk, 116 U. S. 599, 602, 6 Sup. Ct. 489, 29 L. Ed. 740; Marshall v. Hubbard, 117 U. S. 415, 416, 418, 419, 6 Sup. Ct. 806, 29 L. Ed. 919.

There is no allegation in plaintiff's bill which charges that any such concealment or misrepresentation induced the plaintiff to enter into the contract of settlement, and that the contract was procured by fraud rests solely on the assumption that Effie I. Baker, at the time she executed the agreement, had no intention to comply with its terms, an assumption, by the way, which cannot be reconciled with the allegation that Effie I. Baker, after making the contract, reiterated her promise to pay to plaintiff the sum of $3,000 as soon as she could get the money, and simply refused to employ the plaintiff as agreed, which refusal did not necessarily imply that she would decline to pay plaintiff the wages agreed upon.

In so far as disclosed by the bill, Effie I. Baker was not insolvent, and was able to respond to any judgment which might be rendered against her on the contract. Even if she had no intention at the time the contract was made to comply with its terms, that moral delinquency on her part worked the plaintiff no injury, inasmuch as it did not prevent him from enforcing it just as effectively as he might have done in case no improper intention existed when the promise was made.

[3, 4] False representation as to matters of intention, not amounting to a matter of fact, although it may have influenced a transaction, is not a fraud at law. Gage v. Lewis, 68 Ill. 604. No statement as to what will be done, or is intended to be done, in the future, constitutes fraud. Milwaukee Brick Co. v. Schoknecht, 108 Wis. 457, 84 N. W. 838. Possibly a contract executed in consideration of a promise which one of the parties does not intend to perform may be rescinded, but until rescinded or set aside the contract determines the rights of the parties, and suit for its enforcement is the remedy. Kitson v. Farwell, 132 Ill. 327, 23 N. E. 1024; Murray v. Smith, 42 Ill. App. 548, 554; Knowlton v. Keenan, 146 Mass. 86, 87, 88, 15 N. E. 127, 4 Am. St. Rep. 282; Dawe v. Morris, 149 Mass. 188, 191, 21 N. E. 313, 4 L. R. A. 158, 14 Am. St. Rep. 404.

We find from the record, first, that any rights accruing to the plaintiff by reason of his wife's investment of joint funds or of moneys loaned by him were finally determined against him by the dismissal on the merits of equity suit No. 39239; second, that the dismissal on the

merits of equity suit No. 39239 was not procured by fraud, in so far as the amended bill of complaint here involved discloses, and that the plaintiff dismissed his original equity suit in consideration of the agreement of Effie I. Baker to pay him $3,000 and to employ him for a period of one year at $70 per month; third, that plaintiff was not induced to enter into the agreement of settlement, either under duress or because of the fraudulent concealment of any fact which should have been disclosed, or by reason of any fraudulent misrepresentation; fourth, that whatever rights the plaintiff may have had by reason of the investment of moneys loaned by him, or in which he had an interest, were finally adjusted and determined by the contract of settlement between himself and his wife; fifth, that the plaintiff had a plain, speedy, adequate, and complete remedy at law under the contract of settlement, and that therefore he is not entitled to equitable relief.

The amended bill of complaint was in our opinion properly dismissed, and the decree appealed from must therefore be affirmed, with costs.