## TURNER v. BREWER et al.

(Court of Appeals of District of Columbia. Submitted April 8, 1924. Decided May 5, 1924.)

No. 4049.

1. **Brokers** ⚖️102—**Owner bound by broker's misrepresentation.**

   In purchaser's action to recover deposit, owner *held* bound by broker's misrepresentation that dwelling house in question was not built on filled ground.

2. **Vendor and purchaser** ⚖️334(2)—**Purchaser of misrepresented property may rescind and sue for consideration.**

   A purchaser, induced by false representations to buy property, may rescind and sue for consideration.

3. **Vendor and purchaser** ⚖️33—**In action to rescind, no defense that broker thought his false statement was true.**

   In an action to rescind a contract to buy realty and recover deposit, it is no defense that broker thought his false representation was true.

Error to the Municipal Court of the District of Columbia.

Action by Lewis Turner, Jr., against Irving S. Brewer and others. Judgment for defendants, and plaintiff brings error. Reversed, and cause remanded for further proceedings.

A. Coulter Wells, of Washington, D. C., for plaintiff in error.

G. B. Craighill and Charles B. Tebbs, both of Washington, D. C., for defendants in error.

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before ROBB and VAN ORSDEL, Associate Justices, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. This cause is here on writ of error to the municipal court of the District of Columbia from a judgment entered against the plaintiff in error, plaintiff below.

[1] On September 6, 1922, plaintiff entered into negotiations with the defendants for the purchase of certain property in this city, known as 1725 Irving street, owned by the defendant Brewer. As a result of the negotiations, plaintiff entered into an agreement with Brewer's agents, Moore & Moore, real estate brokers, for the purchase of said property, and paid to the Moores the sum of $250 as deposit to be applied on the purchase price. Prior to the purchase of the property, and before signing the agreement, plaintiff inquired of the agents whether the dwelling house was built on filled ground, remembering, as he states, that a deep fill had been made in that section of the city. The agents assured him that it was built on solid ground, stating that the fill started further down the street. It appears that later plaintiff, in company with the owner, discovered large cracks in the rear wall of the house, and upon inquiry of Brewer was advised that the house was built upon filled ground. Upon plaintiff's demand, Brewer refused to rescind the contract or return the deposit. This suit is for the amount of the deposit.

[2] The sole question for determination is whether or not the owner, Brewer, is bound by the misrepresentations of his agents as to the condition of the ground upon which the building was erected. That one who has been induced by false representations to buy property may rescind and sue at law for the consideration is well settled. Passaic National Bank v. Commercial National Bank, 49 App. D. C. 151, 262 Fed. 234.

[3] We think the agent, in answering the inquiry of plaintiff, was acting within the scope of his authority. The inquiry related to a matter inherently connected with the condition and value of the property, and directly affected the matter of consideration. It is no excuse that the agent thought his statement was true, when he assured plaintiff that the house stood on solid ground. The mistake of the agent is chargeable to the principal. In Axman v. Washington Gaslight Co., 38 App. D. C. 150, 158, this court, discussing the liability of a principal for the acts of its agents, said:

"We conceive the true test in measuring the principal's responsibility to be whether the act of the agent was done in the prosecution of the business either impliedly or expressly intrusted to the agent by the principal. If it was, the principal is responsible for the manner in which the agent executed his commission, even if he acted wantonly, recklessly, or against orders. He represented his principal, and what he did was for the benefit of his principal. If his recklessness or lack of judgment caused loss or damage, it is only just that the one who selected and commissioned him should be held accountable therefor."

This rule of liability of the principal for the acts of his agent, when acting within the general scope of his authority, is upheld in La Normandie Hotel Co. v. Security Trust Co., 38 App. D. C. 187; Rickards

v. Rickards, 98 Md. 136, 56 Atl. 397, 63 L. R. A. 724, 103 Am. St. Rep. 393; Merchants' Bank v. State Bank, 10 Wall (77 U. S.) 604, 19 L. Ed. 1008.

This is not a case where the misrepresentations amounted merely to the expression of opinion as to value. Nor is this a case where the defect was open to the observation of the purchaser. Indeed, the deception was aggravated by the ground having been filled in until it was terraced above the street, leaving the impression that the street had been cut through solid ground. This is not, therefore, a case where the knowledge at hand is equally available to both parties, as in Slaughter v. Gerson, 13 Wall. 379, 20 L. Ed. 627, or a case where the purchaser undertook to make investigations for himself, as in Shappirio v. Goldberg, 20 App. D. C. 185, and Farrar v. Churchill, 135 U. S. 609, 10 Sup. Ct. 771, 34 L. Ed. 246.

The judgment is reversed, with costs, and cause remanded for further proceedings.