### SMITH v. O'CONNOR.
#### No. 6674.

United States Court of Appeals for the District of Columbia.

Argued Nov. 16, 1936.

Decided Dec. 14, 1936.

Petition for Rehearing and for Modification of Judgment Denied Jan. 27, 1937.

Charles Linkins, of Washington, D. C., for plaintiff in error.

Henry Gilligan and James A. Crooks, both of Washington, D. C., for defendant in error.

Before MARTIN, C. J., and ROBB, VAN ORSDEL, GRONER, and STEPHENS, JJ.

VAN ORSDEL, J.

This suit is here on error to the municipal court of the District of Columbia.

On February 19, 1935, defendant in error, hereafter referred to as plaintiff, filed a landlord and tenant complaint in the municipal court of the District of Columbia for eviction of plaintiff in error, hereafter referred to as defendant, and for possession of premises 1525 P street, N. W., Washington, D. C., for default in payment of rent. Plaintiff did not sue for back rent nor for a money judgment. He sought possession only, and the verdict and judgment awarded him possession alone. In answer to the complaint, defendant filed three pleas: (1) Denial of default in payment of rent; (2) recoupment; and (3) set-off.

It appears that on August 20, 1934, plaintiff entered into a written lease agreement with defendant, leasing the premises in question for a period of three years commencing September 1, 1934, at a monthly rental of $150. Among other things the lease provided: "It is understood and agreed that the lessee is to take the house in its present condition, but is to be allowed the second and third month's rent of the lease term to cover the cost of making the necessary repairs and/or improvements. If the lessor is unable to give possession on or before September 1, 1934, then the rent is to be adjusted and the proper amount of adjustment is to be allowed the lessee from the December rental payment for the number of days in September elapsing prior to possession being given." The lease also contained the usual covenant that for failure to pay the rent or breach of any of the conditions of the agreement, the lease shall cease and determine at the option of the lessor.

At the trial plaintiff testified that defendant was $269.90 in arrears, offered his lease in evidence and rested. In support of the averments of her separate pleas, defendant adduced testimony (subject to objection of counsel) that plaintiff had told defendant and her agent that the heating plant was in good condition with the exception of a leak in one radiator and cleaning the furnace; that the plumbing was in perfect condition, except for a leak in a cut-off valve and some washers in the spigots that had dried and needed replacing; that certain spots on the walls were not due to leaks but would disappear when the house was aired; that relying upon the representations of the plaintiff as to the condition of the heating and plumbing systems an estimate was made by plaintiff and defendant's agent of the cost of repairs, including redecorating, at not exceeding $300, for which plaintiff agreed to allow two months' rent "to cover the cost of making the necessary repairs and/or improvements"; that plaintiff had household goods in the premises which he did not remove until October 15, 1934, thus preventing defendant from taking full possession from September 1st to October 15th; that on September 1st, when the water was turned on, it was discovered that the entire heating and plumbing systems had been frozen, that pipes were broken under the floors and in the walls, that nineteen radiators were broken beyond repair and had to be replaced; that the total cost of putting the house in repair was $1,051.10 or $751.10 in excess of the estimated amount.

At the close of defendant's case the court held her evidence inadmissible on the ground that it varied the terms of the writ-

ten contract, and the jury was directed to return a verdict for the plaintiff.

The case was tried on March 26, 1935, and a motion for new trial was filed and continued until April 22nd. On that date defendant made a tender, without prejudice, of $269.90 rent overdue for the amount claimed by the plaintiff in his testimony in chief. This sum was accepted by plaintiff. The hearing on the motion for a new trial was continued until May 20th, and on that date defendant filed a motion to stay proceedings on the ground that the plaintiff had accepted the rent to March 1, 1935, which included rent for nine days after the complaint was filed, and that plaintiff by the acceptance of the rent had waived the forfeiture of the lease claimed in the complaint. At the same time defendant tendered interest and costs which were refused by counsel for the plaintiff. The court denied both the motion for new trial and the motion to stay, and entered judgment in favor of the plaintiff for possession of the premises. From this judgment the writ of error was granted.

We are clearly of the opinion that the court was in error in refusing to give effect to the evidence adduced by defendant as to the condition of the premises, and the representations made by the plaintiff at the time the lease was made. This is not a case where the tenant views the premises, and without any representations as to its condition by the landlord, enters into a lease providing that the tenant shall make all necessary repairs during the period of the lease. In such a case the tenant assumes the risk of defective conditions that may exist in the premises whether patent of latent. Nor is it a case where a tenant has been induced to enter into an agreement by mere "sales talk," if the conditions existing were apparent to the tenant and could by the exercise of reasonable care have been observed. In other words, this is not a case where the rule of caveat emptor has any application.

■ The representations made by the plaintiff were in the nature of inducements in procuring the lease agreement. They were specific representations. They pointed out specifically the defects and repairs that would be necessary to be made, and allowance for the repairs so specified was provided for in the agreement. Concealed from the knowledge of the defendant at the time the agreement was made were the latent defects caused by the freezing, which had resulted in the bursting of the pipes and the radiators, and evidence as to this condition was admissible to prove the terms of the contract, nor is it any defense that plaintiff may not have been aware of the frozen condition of the pipes, since fraud may exist in a reckless or positive affirmance of a fact without knowledge of its truth. Browning v. National Capital Bank, 13 App.D.C. 1; Baker v. Baker, 54 App. D.C. 214, 296 F. 961. It is equally the law that, where a party is fraudulently induced to enter into a contract, the fraud cannot be atoned by reducing the contract to writing. First National Bank v. Fox, 40 App. D.C. 430; Edwards v. Fox, 40 App.D.C. 439.

In each of the three pleas defendant has set up substantially the same facts. For the guidance of the parties and their counsel, it may be well to state what will be available to defendant in another trial.

■ Identical facts are alleged in the first and second pleas. The first plea in effect is a denial by defendant of any default in payment of rent. This is a good equitable defense, even when considered apart from the recoupment plea, since section 13, T. 24, D.C.Code provides: "Equitable defenses may be interposed by plea or replication in all actions at law and proceedings or actions in the municipal court."

■■ The defense set out in this case in respect of the defective condition of the water and heating plants is one sounding in tort. It does not rest upon a breach of the contract but upon false representations of the plaintiff, whereby defendant was damaged because of the extra repairs which were found to be necessary.

This defense being in tort, unliquidated damages cannot be the subject of set-off, but may be established under defendant's second plea for recoupment as a defense against plaintiff's action. The rule in such cases is clearly stated in Winder v. Caldwell, 14 How. 434, 443, 14 L.Ed. 487, as follows: "For, although it is true, as a general rule, that unliquidated damages cannot be the subject of set-off, yet it is well settled that a total or partial failure of consideration, acts of nonfeasance or misfeasance, immediately connected with the cause of action, or any equitable defence arising out of the same transaction, may be given in evidence in mitigation of damages, or recouped; not strictly by way of defalcation or set-off, but for the purpose

of defeating the plaintiff's action in whole or in part, and to avoid circuity of action."

We are of opinion that defendant cannot maintain her third plea of set-off for damages incurred in making repairs because of the false representations, since the defense sounds in tort. In so far, however, as her defense is grounded upon plaintiff's failure to move his goods from the premises until October 15, 1934, the case sounds in contract, and clearly can be availed of under her third plea of set-off. Dushane v. Benedict, 120 U.S. 630, 7 S.Ct. 696, 30 L.Ed. 810.

In view of a probable retrial, it is unnecessary to consider the assignment of error relating to the denial of the motion for stay of proceedings for waiver by plaintiff of forfeiture by acceptance of rent.

The judgment is reversed, with costs.