## SEEK v. HARRIS et al.

### No. 8150.

United States Court of Appeals for the District of Columbia.

Argued Nov. 10, 1942.

Decided Nov. 30, 1942.

Mr. DeWitt S. Hyde, of Washington, D. C., with whom Mr. Arthur J. Hilland, of Washington, D. C., was on the brief for appellant.

Mr. Francis L. Neubeck, of Washington, D. C., with whom Messrs. Joseph I. Cavanaugh and John F. O'Connell, both of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

In the latter part of 1938 appellees purchased from appellant a house and lot known as 6507 Piney Branch Road in the District of Columbia. The house was new. It had been built by appellant on a triangular lot bordering on an unpaved alley. When examined by appellees the space between the front of the house and the sidewalk was sodded and planted on the alley side, as it subsequently turned out, between three and four feet beyond the true boundaries of the lot. At the rear of the house a fence had been erected, running from near the corner of the house to a garage, a distance of some thirty-five feet and a concrete walk had been laid across the rear lot line to a gate in the fence. On the graded and sodded portion of the front was a large and valuable shade tree. Shortly after the purchase of the property the District of Columbia decided to pave the alley and in the process it was discovered that the fence and rear concrete walkway extended one foot over into the alley and that the shade tree was some four feet over on the City property. Consequently, the paving reduced the area of the lot by

at least one foot for the entire distance from the front to the back and destroyed the shade tree. This action was thereafter brought by appellees to recover damages resulting from the false representation of appellant in the sale of the property. The case was tried to a jury and resulted in a verdict for appellees in the sum of $400.

On this appeal it is insisted that appellees were afforded every opportunity to examine the property and to inform themselves of its location and condition, and that having made their own investigation, they cannot now complain of having been deceived about the size or boundaries of the property purchased. Shappirio v. Goldberg, 20 App.D.C. 185, affirmed 192 U.S. 232, 24 S.Ct. 259, 48 L.Ed. 419. Appellees counter with the argument that appellant, in causing the erection of the fence, the extension of the concrete walk and the sodding and grading of the front lawn beyond the true boundary of the lot, with knowledge of the fact that he was impinging upon public property of the District of Columbia, was responsible for the situation which deceived appellees and is, therefore, liable for their loss.

We think the facts of this case distinguish it from the Shappirio case on which appellant relies. Here appellees, in the course of the negotiations, examined the property and saw that appellant had partially enclosed the land he was offering for sale. Furthermore, they asked his agent if the shade tree was within the boundaries of the property being sold and were told that it was. There was nothing to put them on notice that the fence and the walkway to the alley extended a foot beyond the property line, for neither an examination of the deed nor the plat would have disclosed the encroachment on the public lines. They could have ascertained these facts only by having an official survey of the property made by an engineer of the District, and in the circumstances they were not called upon to take this action. We think this case is ruled by Turner v. Brewer, 54 App.D.C. 363, 298 F. 685, in which we held one who had contracted to buy a house on the basis of a false representation by the seller's agent that it was built on solid rather than filled land, might rescind the contract, even though the agent thought his statement was true. Here there was not only the direct statement that the shade tree was on the land, but the improvements were such as to indicate to an ordinarily prudent person that they were within the lot lines.

Affirmed.