712

## GOLDSTEN et al. v. BURKA.
### No. 304.

Municipal Court of Appeals for the
District of Columbia.

Aug. 7, 1945.

James P. Donovan, of Washington, D. C., for appellants.

Jacob N. Halper, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

The facts of this case, as found by the trial judge from conflicting evidence, are substantially the following: Appellants, real estate brokers representing a Mrs. Davis, advertised her house for sale. Appellee answered the advertisement and was shown the house by appellant Robert E. Goldsten. During inspection of the property, appellee, having heard that some houses in the vicinity were served by septic tanks instead of public sewers, inquired of Goldsten if the Davis house was connected with a public sewer. Goldsten replied that the property was served by public sewer and he would guarantee there was no septic tank. The following day appellants and appellee signed a standard form of contract for purchase of the house, appellee depositing $500 with appellants on account of the purchase price. This contract was not approved by the owner but later a revised contract agreeable to all parties was drawn and executed. Before settlement of the contract appellee learned from Mrs. Davis that the property had a septic tank, and thereupon refused to complete the con-

tract and brought this action for refund of the $500 deposit. From a judgment in plaintiff's favor, the brokers have appealed. Mrs. Davis, the owner, though a defendant in the trial court, did not join in the appeal.

It is argued that there was no finding by the trial court that the misrepresentation was material and constituted an inducement to make the purchase, and that there was no evidence that the purchaser was damaged by the misrepresentation. We do not understand the law to require that in such a case the purchaser must show pecuniary damage. King v. Lamborn, 9 Cir., 186 F. 21; Williston, Contr., Rev.Ed., Sec. 1525. Assuming that a septic tank will perform the same functions with the same efficiency as a public sewer, a purchaser is entitled to receive that for which he bargained. Here, the purchaser was assured he was buying a house with a certain type of sewage disposal equipment. He cannot be compelled to accept a house with a different type of equipment. Regardless of the relative merits of the two types, we think the trial court was authorized to take judicial notice that the two systems are materially different, and find that the misrepresentation was a material one, on which the purchaser relied and by which he was misled to his injury. Such findings were implied in the court's memorandum.

The more serious question is whether the purchaser was justified in relying on the agent's representation, when examination of the records of the municipal government would have disclosed that a septic tank was on the premises. These records were easily and readily accessible to the purchaser; and appellants earnestly argue that where means of information are readily available, a purchaser is required to make his own examination and has no right to rely on a representation of the seller or his agent.

The principle contended for by appellant was stated by the Supreme Court in Shappirio v. Goldberg, 192 U.S. 232, 241, 242, 24 S.Ct. 259, 261, 48 L.Ed. 419, affirming 20 App.D.C. 185, as follows:

"When the means of knowledge are open and at hand, or furnished to the purchaser or his agent, and no effort is made to prevent the party from using them, and especially where the purchaser undertakes examination for himself, he will not be heard to say that he has been deceived to

his injury by the misrepresentations of the vendor."

The rule was applied in this District in Lipschutz v. Phillips, 51 App.D.C. 20, 273 F. 748, and Graziani v. Arundell, 55 App.D.C. 21, 299 F. 886; but it will be noted that it does not apply where an effort is made to prevent the purchaser making his own examination. The assurance of the agent in the present case that there was no septic tank could easily prevent further investigation by the purchaser. The presence or absence of a septic tank was a fact and not a matter of opinion. If the agent was without knowledge on the subject, he should not have answered the inquiry. "Fraud may exist in a reckless or positive affirmance of a fact without knowledge of its truth." Smith v. O'Connor, 66 App.D.C. 367, 369, 88 F.2d 749, 751. The purchaser could properly assume that the agent would not make positive assurance without knowledge of its truth, and thus could be induced to make no investigation of his own. "Misrepresentations often cause the person to whom they are addressed not to use the means of knowledge within his power." Williston, Contr., Rev.Ed., Sec. 1516. In view of the agent's representation, we refuse to hold that it was incumbent on the purchaser to make an independent investigation. The trial court properly observed: "Honesty and care on the part of real estate agents in making representations regarding properties they are seeking to sell must be preserved, and in general they are deemed to have the same knowledge of the property as does the owner." If an agent cannot truthfully answer an inquiry regarding property he is attempting to sell, he should frankly admit his lack of knowledge. If intentionally or otherwise he makes a false representation to the prospective purchaser, he cannot well complain that the buyer ought not to have believed him. We think the present case is governed by the principles laid down in Battelle v. Cushing, 21 D.C. 59; Turner v. Brewer, 54 App.D.C. 363, 298 F. 685; and Seek v. Harris, 76 U.S.App.D.C. 404, 132 F.2d 19.

It is finally argued that the buyer cannot avail himself of the misrepresentation because the written contract contained the provision "that this contract contains the final and entire agreement between the parties hereto, and that they shall not be bound by any terms, conditions, state-

ments, warranties or representations, oral or written, not herein contained." The answer to this is that, "where a party is fraudulently induced to enter into a contract, the fraud cannot be atoned by reducing the contract to writing." Smith v. O'Connor, 66 App.D.C. 367, 369, 88 F.2d 749, 751.

Affirmed.