**LALEKOS v. MANSET et al.**

No. 370.

Municipal Court of Appeals for the
District of Columbia.

June 11, 1946.

Robert C. Handwerk, of Washington, D. C. (Jordan R. Bentley, of Washington, D. C., on the brief), for appellant.

Philip Shinberg, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiffs, appellees here, brought a suit against defendant for the possession of a commercial building for non-payment of rent totaling $600. Defendant appeals from a directed verdict in favor of plaintiffs.

The facts, so far as they concern this appeal, follow. In 1943 plaintiffs leased the building in question to one Sheris for a term ending in 1948 at a monthly rental of $150. Sheris took possession of the entire premises and operated a restaurant on the first floor. Shortly thereafter, he sublet the second and third floors to one Weber for the balance of the term at a monthly rental of $50. In late 1944 Sheris surrendered the premises to plaintiffs. During this time, and up to the present, Weber has remained in possession of the second and third floors under his sublease which runs until 1948; but he has not paid rent. On or about February 1, 1945, plaintiffs leased the entire premises to defendant's husband, and another, for a five-year term at a monthly rental of $150. Two months' rent was paid under this lease. On March 21, 1945, plaintiffs entered into a new lease with defendant to run five years from February 15, 1945, at the same rental. Defendant was given credit for the two months' rent paid by her husband under the prior lease. Neither plaintiffs' lease to Sheris nor Sheris' sublease to Weber has ever been assigned to defendant. Defendant's husband (and later defendant) entered into possession of the first floor restaurant. Defendant has paid no rent to plaintiffs since April 15, 1945. She has offered, and still offers, to pay $100 per month for the part of the premises occupied by her. This represents the difference between the $150 she contracted to pay for the entire building and the $50 Weber contracted to pay for the second and third floors. This offer plaintiffs refused. Claiming they were entitled to the entire rent contracted for, plaintiffs sued defendant for possession of the entire building.

On these facts trial was had before a jury. Defendant, called by plaintiffs as their witness, identified the lease, which was introduced in evidence, and admitted non-payment of rent from April 15 to August 15, 1945. She further admitted that she knew that Weber was in possession of the second and third floors at the time she took possession under the lease. On cross-examination she testified that she had been

given credit for the rent paid by her husband "as stated by her in her answer to the complaint." The part of the answer referred to is as follows: "That defendant has overpaid plaintiffs the sum of $100, representing rent for two months, for the period February 15 to April 15, 1945, for which period defendant paid plaintiffs the full amount relying upon plaintiffs' numerous promises to dispossess the said Weber and give full possession of the premises." Plaintiffs then introduced a letter to Weber from defendant's attorney, written after defendant entered into possession of the first floor, stating she desired no rent from him, but requesting Weber to vacate because of plaintiffs' lease of the entire premises to defendant. Weber failed to vacate and claims the right to possession of the second and third floors under his agreement with Sheris.

The first point to be considered is whether, as plaintiffs contend, defendant's act after judgment of paying, "under protest", the overdue rent, and on the same condition the ensuing monthly rentals, has rendered this appeal moot. The question must be answered in the negative. It is an established rule in the federal courts that compliance with a civil judgment or decree by payment of the judgment or performance of the decree does not bar an appeal where repayment or restitution may be enforced.[1]

The lease between the parties provided that the lessors leased to the lessee "the entire building and the income therefrom." Plaintiffs contended that this clause was the equivalent of an assignment of Weber's lease and made Weber the subtenant of defendant. The contention merits little discussion. Actually the words "and the income therefrom" were surplusage. There was no evidence indicating that by accepting such a lease defendant waived her right to exclusive enjoyment of the entire premises. Her conduct throughout negatives such a construction. Identical language appeared in the lease between plaintiffs and Sheris; but no such meaning was intended, since there was no subtenant at the time. It is axiomatic that the language of a lease will be construed against the party who drafted it; and this lease was drafted by plaintiffs.

Moreover, when plaintiffs leased, granted and demised the premises to defendant, a covenant of quiet enjoyment was implied in the lease.[2] "He who lets agrees to give possession, and not merely the chance of a law suit."[3] A lessor, after setting up the validity of a lease for the purpose of collecting his rent, may not assail it as invalid for the purpose of avoiding liability on his implied covenant of quiet enjoyment. He will not be permitted to treat the lease as valid for one purpose and invalid for another.[4]

The principal point raised by this appeal is whether the defendant has raised a valid defense to an action for possession based on non-payment of rent. It is well established that in ruling on a motion for a directed verdict the trial court must consider the evidence introduced by the party against whom the verdict is sought as true, and view all the evidence in the light most favorable to him, giving him the benefit of all reasonable inferences therefrom.[5] Study of the record from this viewpoint has convinced us that directing a verdict for plaintiffs was error.

Clearly, Weber's presence did not constitute a partial eviction of defendant so as to relieve defendant of her liability for rent. One can not be evicted from what he has never possessed. Plaintiffs,

---

[1] Chicago Great Western Ry. v. Beecher, 8 Cir., 150 F.2d 394, certiorari denied 66 S.Ct. 339. Accord, County of Dakota v. Glidden, 113 U.S. 222, 5 S.Ct. 428, 28 L.Ed. 981; O'Hara v. MacConnell, 93 U.S. 150, 23 L.Ed. 840; Erwin v. Lowry, 7 How. 172, 184, 12 L.Ed. 655.

[2] Stott v. Rutherford, 92 U.S. 107, 23 L.Ed. 486; Stewart v. Murphy, 95 Kan. 421, 148 P. 609, Ann.Cas.1917C, 612.

[3] Jones, Landlord and Tenant, 1st Ed. 1906, § 367.

[4] Camp v. Goodman, D.C.Mun.App., 47 A.2d 516.

[5] Washington Realty Co., Inc., v. Harding, D.C.Mun.App., 45 A.2d 785; Birchall v. Capital Transit Co., D.C.Mun.App., 34 A.2d 624.

therefore, were entitled to sue for possession for the non-payment of the entire rent. Under such conditions, where the lessee can not take possession of a part of the premises because of a prior lease to another, he is given three courses of action.[6] He may refuse to take possession at all, and bring an action for damages; he may accept possession of the remainder, pay the entire rent, and bring an action for damages; or he may accept possession of the remainder and, when suit is brought for rent due, or for possession for non-payment of rent, he may defend on the ground that he does not owe all the rent claimed.

The defendant here chose to follow the last course. She accepted possession of the first floor and refused to pay rent at the rate provided in her lease, because of the presence of Weber. She refused to accept rent from Weber, and requested him in writing to quit the second and third floors. He refused or failed to do so. Her letter is not reasonably open to the construction that she thereby acknowledged Weber as her subtenant. Nor can we say that she thereby exercised such dominion over the whole premises so as to waive plaintiffs' failure to deliver full possession. Her every act protested Weber's presence.

She continually offered to pay $100 per month as the part of the rent she claimed was due for the first floor. When this suit was filed against her, she answered denying that plaintiffs were entitled to possession of the premises for the non-payment of the full rent, reciting that the rental on the second and third floors, of which she did not have possession, was $50 a month, and again offered to pay for the restaurant premises at $100 a month. At the trial she testified to the same effect.

The question is, therefore, whether she pleaded a sufficient defense to plaintiffs' action and whether enough evidence was presented to go to the jury on the issue of an equitable defense or recoupment sufficient to defeat plaintiffs' claim in part. As already indicated, we believe both questions must be answered affirmatively.

In this jurisdiction, it is well established that a tenant sued for possession of real property for non-payment of rent may defend by an equitable defense sufficient to defeat the landlord's claim for rent in whole or in part, or may defend by way of recoupment for a total or partial failure of consideration in order to avoid circuity of action.[7] This is but another way of stating the rule laid down above, that the tenant, not having been put into possession of the entire premises, may, in the same action, claim damages for the failure to deliver the entire premises. The measure of damages for breach by a lessor of a contract to put the lessee into full possession is the difference in rental value between the building described in the lease and the building as conveyed to the tenant.[8] Here defendant showed that the entire building was rented at $150 a month and the second and third floors at $50 a month. This evidence, we believe, was sufficient to require submission of her defense to the jury.

The judgment of the trial court is, therefore, reversed, with instructions to award a new trial.

Reversed.

---

6 Forshaw v. Hathaway, 112 Misc. 112, 182 N.Y.S. 646; Hessel v. Johnson, 129 Pa. 173, 18 A. 754, 5 L.R.A. 851, 15 Am. St.Rep. 716. See also Carnegie Hall, Inc., v. Zysman, 238 App.Div. 515, 264 N.Y.S. 312.

7 Code 1940, § 13—214; Smith v. O'Connor, 66 App.D.C. 367, 88 F.2d 749. See also Dushane v. Benedict, 120 U.S. 630, 7 S.Ct. 696, 30 L.Ed. 810.

8 Huyler's v. Ritz-Carlton Restaurant & Hotel Co., D.C.Del., 6 F.2d 404; Weiss v. Revenue Building & Loan Ass'n, 116 N.J.L. 208, 182 A. 891, 104 A.L.R. 129, 141; accord, Peoples Mortgage Corp. v. Bedrosian, App.D.C. 154 F.2d 332, decided April 8, 1946.