202

## DRAISNER v. SCHLOSBERG.
### No. 583.

Municipal Court of Appeals for the
District of Columbia.

Feb. 13, 1948.

Herman Miller, of Washington, D.C., for appellant.

H. Max Ammerman, of Washington, D.C. (Louis Ottenberg, of Washington, D.C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This was an action to recover a deposit of $2500 placed on the purchase of real estate. The purchaser claimed the property had been misrepresented and demanded return of his deposit. On vendor's refusal he commenced this action in which he was awarded judgment. Defendant appeals.

We shall consider the first and second assignments of error together. The first charges that the judgment should be reversed because there was no misrepresentation of fact. The second charges that the trial judge committed error in holding that there had been a material misrepresentation of fact entitling the purchaser to rescind. We disagree with appellant on both points. We are satisfied there was clear and ample evidence (some of it uncontradicted) to support plaintiff's charge of misrepresentation. The alleged misrepresentation was that the house contained twelve rooms and three baths. There was evidence that the property had been advertised and listed as containing twelve rooms and three baths and that it was represented by vendor's agent directly to this purchaser as having twelve rooms and three baths. (This too was not contradicted by any defense evidence.) There was also evidence that plaintiff signed the contract in reliance upon the agent's representation as to the number of rooms; that after several demands (which we describe in some detail later in this opinion), he finally obtained the key some four days after making the deposit, promptly inspected the house and found there were only nine rooms and two baths. He thereupon demanded the return of his deposit which, as we have said, was refused. Believing this evidence, as apparently the trial court did, it was correct in awarding judgment to plaintiff. Such finding was justified despite certain contradictions and denials brought forth in defendant's evidence. Part of such evidence consisted of an attempt to show that the house actually contained twelve rooms.

(Defendant attempted no denial that it contained only two baths.) In support of this claim defendant attempted to include in his calculations a "foyer" room and two basement rooms which housed certain plumbing and heating machinery. The trial judge was entirely justified in refusing to adopt this version and in ruling against defendant on this phase of the case.

The judge was also justified in giving no weight to defendant's contention that plaintiff was barred from recovery by a clause in the contract reciting that the property was sold "as is." The evidence was that this clause referred only to the state of repairs of the property, and that this interpretation had been agreed upon before the contract was signed. It had nothing to do with the number of rooms in the house.

No purpose would be served by a recital of the details of defendant's evidence, and we rule that the evidence as a whole supported plaintiff's claim that defendant had made a representation which was untrue, that it was material, and that plaintiff relied upon it.

The third alleged error, as stated in appellant's brief, is that the trial judge was in error in holding that the purchaser had a right "to rely upon a casual statement made, when the means at hand were available to him to make inspection." Defendant claimed that the statement was merely a casual one made in a conversation on the street, while plaintiff insisted that it was the underlying and motivating cause of the sale. On this issue the evidence supporting plaintiff's version was at least as strong as, if not stronger than that of defendant. But, says appellant, the purchaser should not have relied upon the representation because he had at hand the means for inspection. All the evidence belies this contention, for the parties agreed in their testimony that the house was vacant and locked, and that the keys were not given to the purchaser for at least three days after the contract was made and the deposit posted. The evidence of plaintiff, which the trial judge was entitled to believe, was that after some preliminary negotiations as to price he telephoned defendant's broker and said he might be interested in the property at a stated figure and suggested that the broker come to see him and "bring the key along, I wanted to see the property"; that the broker came to see him but did not bring the key; that plaintiff again asked for the key and, when it was not produced, he said to the broker (whom he had known for several years) "I'm leaving it to your honesty about everything else in the contract" and that the broker replied, "Sign it" (the contract), "It's all right"; that plaintiff replied, "Well, it's not all right. I want to see it"; that relying upon the broker's statement that the house contained twelve rooms and three baths, plaintiff signed the purchase agreement and gave his check as a down payment; that during the next several days "We raised cain for the key" and that finally during the next week, (after his check for the down payment had been cashed), the key was delivered to him, he inspected the house and for the first time learned that it did not contain twelve rooms and three baths as represented.

From this set of facts the trial judge was justified in ruling that the means for inspection were withheld from the purchaser. Under such circumstances, as we held in Goldsten v. Burka, D.C.Mun.App., 43 A.2d 712, the purchaser had a right to rely on seller's representation. The United States Court of Appeals for this District has several times declared this rule of law. Seek v. Harris, 76 U.S.App.D.C. 404, 132 F.2d 19; Lester v. Superior Motor Car, Inc., 73 App.D.C. 171, 117 F.2d 780; Bailey v. Smith, 57 App.D.C. 369, 23 F.2d 977.

Appellant also argues (though he did not make it an assignment of error in his brief) that plaintiff lost his right to recover because after discovering the misrepresentation he listed the property for sale with another broker and thereby treated it as his own. There was evidence to that effect; but plaintiff's evidence was to the contrary and the trial judge was not required to accept defendant's version.

From our careful study of the lengthy stenographic transcript we are satisfied the decision of the trial judge was correct.

Affirmed.