## ZINDLER v. BUCHANON.

### No. 670.

Municipal Court of Appeals for the
District of Columbia.

Sept. 27, 1948.

John W. Cragun, of Washington, D. C., for appellant.

Milton Mindell, of Washington, D. C. (Albert Brick, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellee, who was the plaintiff below, began this action in the Landlord and Tenant Branch, Municipal Court, to recover possession of an apartment occupied by appellant on the ground that she was in default of one month's rent. No claim for the rent

itself was made. Appellant answered, denying owing any rent, and counterclaimed for a much larger amount upon the ground that appellee had failed and refused to furnish the minimum services required of the landlord under the District of Columbia Emergency Rent Act.[1] The trial court, sitting without a jury, found as a fact that there was no failure to furnish the minimum service standard and gave judgment for possession for appellee. This appeal followed.

We are met first with a motion by appellee "to delete count for possession and decide case on appellant's counter-claim." This motion was filed here after oral argument of the appeal. The principal ground assigned for the motion is that since the trial in the court below appellant has returned the keys of the apartment to appellee and "voluntarily" quit the premises. The motion is without merit. The record shows that no supersedeas bond to stay the judgment was filed but that appellant left the premises only after being served by the United States marshal with an eviction notice based upon the judgment for possession. Appellant also notified appellee that an appeal from the judgment was being taken and that if the appeal was successful appellee "will expect restitution of the premises in question." It is obvious that surrender of the premises under such conditions is not voluntary and does not render the appeal moot.[2]

Appellant urges two principal grounds for the reversal of the judgment, first that appellee at the trial did not prove either that a thirty days' notice to quit had been served upon appellee or that there had been a waiver of such notice. In the complaint it was alleged that service of a notice to quit had been specifically waived in writing. This was denied in appellant's answer. The statement of proceedings and evidence certified to us by the trial court is silent on the subject, but the trial court has certified a supplemental statement to the effect that no evidence on the question was adduced at the trial. Counsel have filed a supplemental stipulation of fact showing that the absence of such proof was not called to the court's attention except by the pleadings. Appellant raised the point in her assignment of errors and in her brief. Under such circumstances we conclude that the point was waived by appellant. As has been well said, appellate courts are established for correction of the errors of trial courts,[3] and "only in very exceptional cases can a point not brought to the attention of the court below and not passed upon by that court be raised upon appeal."[4] The applicability of this rule to the present case is emphasized by the fact that throughout the trial appellant was represented by experienced counsel, whereas during the first day of the trial while appellee's case was being presented he was not represented by counsel. Furthermore, appellant filed a motion for a new trial in which various other points were raised but in which the question of a thirty days' notice was not mentioned. The statute authorizes the waiver of a thirty days' notice,[5] and, while a notice to quit is a condition precedent to filing such a suit, this is not true in a jurisdictional sense.[6] We believe that failure to urge the point in the trial court was the equivalent of such a waiver or at least waiver of proof of notice.

Appellant next urges that the trial court erred in failing to give her judgment on her counterclaim. The counterclaim was based upon allegations that under the Emergency Rent Act the minimum services to be supplied by the landlord for this apartment included heat, hot water, furniture, furnishings, refrigerator, repairs, and water rent, and that appellee had failed in several respects, notably heat and repairs, to meet these requirements. But the trial court, in a memorandum, found as a fact that there had been no failure on the part of appellee to render such minimum

[1] Code 1940, Supp. V, § 45—1601 et seq.

[2] Quick v. Paregol, D.C.Mun.App., 61 A.2d 407.

[3] Columbia Aid Ass'n v. Sprague, 50 App.D.C. 307, 271 F. 381; Seep v. Ferris-Haggarty Copper Mining Co., 8 Cir., 201 F. 893.

[4] Deutser v. Marlboro Shirt Co., 4 Cir., 81 F.2d 139, 143.

[5] Code 1940, § 45—908.

[6] Morris v. Breaker, D.C.Mun.App., 38 A.2d 632.

618

service. Our only duty, therefore, is to determine whether such finding of fact is supported by substantial evidence. We conclude that it was. While appellant produced several witnesses and appellee appeared alone, it is elemental that a mere greater number of witnesses does not necessarily tip the scale in the weighing of evidence. We have carefully examined the statement of evidence and are unable to say that it did not support the finding of the trial court.

 Appellant attacks, finally, a conclusion of law made by the trial court that in any event appellant was not entitled to recover on her counterclaim because she had already exhausted her remedy by applying to the Rent Administrator for adjustment of her rent based upon her claim that appellee had failed to supply her with the minimum service to which she was entitled. Our decision that the judgment must be affirmed on other grounds makes it unnecessary that we pass upon this assignment of error, but we think we should add that we can not decide it in any event because of the inadequacy of the record presented by appellant. In her brief appellant describes in some detail the proceedings before the Rent Administrator, but such statements, while they may be correct, are unsupported by the record before us. We are left to speculate as to the form of relief requested from the Administrator. What amounts in effect to a plea of res judicata requires greater factual support. We think we should note also that appellant filed a counterclaim totaling $1,000 based upon $50 a month for 20 months, whereas the Rent Act authorizes recovery only of the value of the services denied or $50, whichever is greater.[7] It is well settled that when the value of the services is not proved only one item of $50 may be recovered.[8] We note also that in his complaint appellee sued only for possession of the apartment and did not ask for a money judgment for rent. In such a case, while appellant was entitled

to set up an equitable defense or claim by way of recoupment, this was the limit of her remedy in this action.[9]

Affirmed.

[7] Code 1940, Supp. V, § 45—1610(a).

[8] Hall v. Henry J. Robb, D.C.Mun.App., 34 A.2d 863.

[9] Lalekos v. Manset, D.C.Mun.App., 47 A.2d 617; Smith v. O'Connor, 66 App. D.C. 367, 88 F.2d 749; cf. Fuller v. Metcalf, 189 Mich. 520, 155 N.W. 567; Selz v. Stafford, 284 Ill. 610, 120 N.E. 462.